THE IMPROVED PARCEL OF LAND, known as No. 900 West. Second Street, Etc., MARY C. GODFREY, et al., Appellants, v. THE STATE OF DELAWARE, upon the relation of the State Highway Department, Appellee.

(*November* 5, 1963.)

TERRY, Chief Justice, and WOLCOTT and CAREY, J. J., sitting.

*Joseph A. Julian, Jr.,* for the appellant.

*William D. Bailey, Jr.* (oi Herrmann, Bayard, Brill and Russell) for the appellee.

Supreme Court of the State of Delaware.

CAREY, Justice.

This case seeks a review of a final award in a condemnation action. The award was entered by the Superior Court on April 18, 1963. Notice of appeal was served on June 11, 1963. The matter presently before us is appellee's motion to dismiss on the ground that the appeal was filed more than one month after the entry of the award, contrary to T. 10 *Del. C.* § 6112 which reads as follows:

"There shall be a right of review in every condemnation cause from the final confirmed award of the Superior Court to the Supreme Court as in the manner provided for review of any other final civil judgment of the Superior Court. Any such review must be instituted within one month from the time of entry of the final confirmed award of the Superior Court."

The appellant contends that the time limit for such an appeal is sixty days by virtue of both T. 10 *Del. C.* § 148 and Supreme Court Rule 23, *Del. C.,* which contain substantially similar language. § 148 provides as follows:

"No appeal from a final judgment of the Superior Court in a civil action shall be received or entertained in the Supreme Court, unless the praecipe or notice of appeal is duly filed in the office of the clerk thereof within 60 days after the entry of such judgment. * * *"

Prior to April 1957, Article 4 § 25 of the State Constitution, *Del. C.* provided that no writ of error could be brought but within six months after the entry of judgment, with certain exceptions. This Constitutional provision was repealed in 1957 and T. 10 *Del. C.* § 148 was

thereafter enacted and Rule 23 was revised. Our present condemnation statute [T. 10 *Del. C.* Ch. 61] was enacted in June 1951 and § 6112 has not been changed since that date.

The 30-day limit for condemnation appeals was adopted at a time when the maximum period for civil appeals was six months. By the repeal of the Constitutional section and the adoption of § 148, the Legislature simply reduced that maximum period from six months to sixty days. In no way did it manifest an intent to change the time allowed for condemnation appeals.

Appellant's contention is that the adoption of § 148 and Rule 23 had the effect of impliedly repealing § 6112. With this contention, we do not agree. Repeals by implication are not favored. The usual criterion for determining whether an Act has been repealed by implication is whether or not there exists irreconcilable conflict between the earlier and the later statute. *DuPont v. DuPont*, 7 Terry 592, 87 A.2d 394. It will be noted that § 148 and Rule 23 do not provide that appeals from final judgments may be filed at any time within sixty days. Both of them simply state that no such appeal shall be filed except within sixty days after entry of judgment. That provision is, therefore, not inconsistent with § 6112. In other words, § 148 and Rule 23 set a maximum time limit for the filing of an appeal in civil actions from the Superior Court; such a provision is not inconsistent with the fixing of a shorter period by express enactment covering a particular type of action.

The motion to dismiss must be granted.