REDMOND *v.* BROADUS *et al.*[*]

(Division B.    May 6, 1929.)

[122 So. 194.    No. 27849.]

*E. L. Dent* and *Hall & Hall,* for appellant.

*W. J. Hatten, E. F. Coleman* and *Buren Broadus,* for appellees.

GRIFFITH, J. On September 30, 1927, the appellant, Redmond, filed, in the chancery court of Lamar county, a divorce bill against his wife. At the time both parties were residents of this state, but neither of them resided, or has since resided, in Lamar county. That county, therefore, was not the proper county in which to file the bill. Process was served, nevertheless, on the defendant, then and now a minor, in Pearl River county, then and still the county of her residence. Through the solicitors who are appellees here, she filed in Lamar county an answer to the bill aforesaid, and also at the same time her cross-bill, by which she sought a divorce on her part, and also alimony temporary and permanent.

At a subsequent term both parties, the husband and the wife, joined in a written motion, duly signed and officially acknowledged by them, praying the court to dismiss the entire proceedings as being without the jurisdiction of the court, and, for the same and other reasons set out in the request, that all orders theretofore made by the court be set aside and vacated. The court thereupon made and entered the order as requested except that the court inserted a reservation in the order that jurisdiction be retained to the extent that the court would hear any motions which the solicitors for the wife might make for the allowance to them of solicitors' fees for their services to her in said cause. Motion for the allowance of such fees was promptly made, upon which, after hearing, a decree was rendered against appellant for three hundred twenty-five dollars solicitors' fees for the past services of said solicitors. No appeal is prosecuted in respect to the action of the court in dismissing the cause and in setting aside and vacating all previous orders theretofore made, and that action of the court is in no way before us for review. But the appeal does challenge, and challenges alone, the validity of the final order allowing the said solicitors' fee, and this, therefore, is all that is now before the court.

The original bill for divorce alleged, among other matters, that: "The complainant is advised that the defendant has married another man and goes by the name of Kitchen in the town of Picayune, Mississippi." The defendant treated this as an allegation of fact and denied it in her answer. On the hearing of the motion last aforementioned it was developed, without any kind of dispute, that the said defendant wife had, on the 5th day of October, 1926, married, or rather had pretended to marry, one Wade Kitchen, under a formal marriage license issued by the circuit clerk of Pearl River county on October 2, 1926, and which was thereafter properly returned with the formal certificate of the celebration of the rites by a minister, and was duly recorded in the marriage records of said county, and that the said appellant's wife had ever since been living with the said Kitchen as the supposed wife of said Kitchen in the said town of Picayune in Pearl River county.

It requires no citation of authority, so far as concerns the rule of adjudication upon a final hearing, that a woman already married, who has gone through a formal marriage ceremony under a marriage license duly issued, returned, and recorded, and who, a bigamist without dispute either on her part or by any other witness, is shown to be living, and has for a long time continued to live, with her pretended second husband, is without any sort of standing in a court of equity to demand alimony from her discarded husband, or on her part to require solicitors' fees in any such effort. The essential elements of good faith and a fair and reasonable justification are absent. And as to the solicitors, it is inescapable on the record before us in this case that the most ordinary care or diligence on their part would at the very beginning have disclosed the facts.

We add only that it is to be distinctly noted that we are not dealing with a decree making an allowance for

compensation of solicitors for future services in a litigation still pending. We have no such case before us, and nothing herein is to be taken as any expression or intimation of an expression, other than as respects an allowance, in such case as the one at bar, for past services. See 19 C. J., 199, 200. See, also, *Id.* 217, 233, 236.

*Reversed, and decree here for appellant.*