90 A.2d 476 (1952)
DU PONT
v.
DU PONT (two cases).
Court of Chancery of Delaware, New Castle.
July 3, 1952.
*477 James R. Morford and William H. Bennethum, of Morford, Bennethum, Marvel & Cooch, Wilmington, for plaintiff and cross-complainant.
Arthur G. Logan and Stephen E. Hamilton, Jr., Wilmington, for defendant and cross-defendant.
SEITZ, Chancellor.
This is the decision on the plaintiff's application for temporary maintenance and interim allowance for counsel fees pending the final determination of the cause.
All the testimony pertinent to this case has been taken, but under circumstances too drawn out to describe here, a final decision will not be forthcoming for some time. Consequently, plaintiff renews her application for interim relief.
I conclude that this court has power in this action to grant the plaintiff temporary maintenance. Indeed, defendant does not question the power.
I believe the exercise of the power rests within my sound discretion. In what I regard as the exercise thereof, I conclude that the plaintiff is entitled to maintenance pending the final decision in this case. My principal reasons for so concluding are:
1. The parties admittedly went through a marriage ceremony.
2. The Superior Court [Anonymous v. Anonymous, 85 A.2d 706] refused and the Supreme Court [DuPont v. DuPont, 90 A.2d 468] affirmed its refusal to annul the marriage under the Delaware annulment statute. True, certain defenses are still here involved but they are ones which for the most part impose a burden on the defendant.
3. The plaintiff's finances are such that, upon an examination of the record deemed here sufficient, she needs temporary support.
4. The circumstances of the separation do not fairly reveal, upon examination of the record appropriate for this application, that the defendant was legally justified in leaving the plaintiff.
5. Defendant's finances are such that the allowance of interim support will not work an undue hardship on him.
Plaintiff's evidence tended to show that since the separation she has been spending approximately $800 per month. Her application for permanent support is for $1,500 per month.
After due consideration of the pertinent evidence I conclude that plaintiff should be granted temporary maintenance in the sum of $600 per month, commencing July 1, 1952 and continuing until the further order of this Court. The question of back payments can await the final decision.
Defendant's assert in opposition to the request for interim maintenance that plaintiff committed perjury herein. This contention is rejected without prejudice to defendant to reassert such a defense, if he sees fit, at a later stage. Plaintiff's application to pay back bills amounting to $9,768.38 will be allowed, it being the Court's understanding that the validity and amounts are not in issue.
Plaintiff's counsel applies for interim counsel fees which embrace all the work in this Court including some estimated future time to finish the case in this court. Plaintiff asks for $5,000 for the appeal, $7,000 for the work in this Court (including the estimated work) and $2,500 for services in resisting certain legislation in Dover.
After due consideration I conclude that plaintiff should receive from defendant the following allowances:
(1) The costs except the deposit which presumably will be returned if plaintiff is ultimately successful. The other items defendant appears not to question. The sum is $206.10.
(2) $3,000 for the Supreme Court.
(3) $4,000 for services to date.
The Court refuses any allowance for so-called legal services in resisting in Dover certain legislation which sought to transfer jurisdiction of this type of case to the Family Court. The Court does not approve the making of such a request in this type of proceeding.
Order on notice.