ELIZABETH CULVER HOPKINS, Plaintiff, v. WILLIAM JAMES HOPKINS, Defendant.

(*January* 5, 1953.)

HERRMANN, J., sitting.

*Daniel J. Layton, Jr.,* for the plaintiff.

*Houston Wilson* and *Jack White* for the defendant.

Superior Court for Sussex County, No. 301, Civil Action, 1952.

HERRMANN, J.:

The plaintiff brought this action for divorce upon the ground of adultery. Prior to the commencement of the action, the plaintiff employed private detectives to procure evidence of her husband's infidelity. The services of the detectives were completely performed before the divorce action was brought and the plaintiff has paid approximately $1,100 for the services thus rendered. The plaintiff obtained the funds for that expenditure by making a loan upon her own credit.

The plaintiff now seeks an allowance of suit money, under *Code* 1935, § 3508, sufficient to include reimbursement for that disbursement. The question for decision is whether the Court has the power under the Statute to compel the defendant to make such reimbursement to the plaintiff.

The scope and purpose of *Code* 1935, § 3508, regarding the subject matter, is clarified, I think, by a review of the evolution of the Statute. In 1852, the Delaware Divorce Statute was amended by Sec. 5 of Chap. 75, *Rev. Code* 1852, to read as follows:

> "The Court may grant alimony to the wife for her sustenance pending her petition for divorce * * *."

In 1859, by 11 *Delaware Laws*, Chap. 638, the Statute was amended as follows to authorize what is generally called "suit money":

> "The Court may grant alimony to the wife for her sustenance pending her petition for divorce and may order and direct the husband to pay such sum as may be necessary in conducting her case * * *."

In 1873, by 14 *Delaware Laws*, Chap. 548, the Legislature added to the foregoing the clause: "whether the application be on the part of either the wife or husband." In 1907, when our Divorce Statute was generally revised by 24 *Delaware Laws*, Chap. 221, the Statute was adopted in its present form and, as now appears at *Code* 1935, § 3508, it provides as follows:

> "Alimony and Expenses of Suit to Wife; Compulsory Process:—The Court may grant alimony to the wife for her sustenance pending her petition for divorce, and may order and direct the husband to pay such sum as may be deemed necessary to defray the expenses in conducting her case, whether the application be on the part of either the wife or husband, and shall protect her from personal restraint. The Court, in the execution of the powers conferred by this

Chapter, may employ such compulsory process as it may deem proper."

I think that, with respect to suit money, the key word of the Statute is the word "necessary" and that, it being a word of limitation, the Court is empowered to compel a husband to pay only such sums as may be "necessary" to enable a wife to prosecute or defend her case. The power is conferred in order to alleviate necessity and thus to prevent a failure of justice. If suit expenses have been paid by a wife, it cannot be said that it is necessary that her husband pay the same expenses in order to enable her to present her case. Under such circumstances the wife is not aided by financial hardship, her husband's guilt, or other factors of fairness. If the element of necessity cannot be found, there is no discretion in the Court because the power to make the allowance does not exist under the Statute.

Our Statute is similar in scope and purpose to statutes generally existing elsewhere. In discussing the objective of a similar statute in *Loveren v. Loveren*, 100 *Cal.* 493, 35 *P.* 87, the Supreme Court of California stated:

"* * *. The plain object of this statute was to empower the court during the pendency of an action for divorce, upon a proper showing made by the wife for that purpose, to compel the husband to provide her with the means necessary to enable her to prosecute or defend the action. If the expenses of the action have been incurred or paid by her with means derived from her separate estate, or upon her credit, then there can be no necessity for an allowance by the court to enable her to do that which she has already done, and without such necessity the court has no authority under the statute to make such an order. And no better evidence can be adduced of her ability in this respect than the fact that she has been able, as the record shows, to incur these expenses and to pay them with money borrowed by her entirely upon the strength of her own credit. * * * Such an allowance can only be granted as to expenses necessary to be incurred in the future prosecution or defense

of the action, and cannot be made for the payment of past expenses, except where such payment is necessary to be made in order to enable the wife to further prosecute or defend her case. * * *"

See also *Beadleston v. Beadleston*, 103 *N. Y.* 402, 8 *N. E.* 735; *Mengel v. Mengel*, 157 *Iowa* 630, 138 *N. W.* 495, 501; 1 *Nelson, Divorce and Annulment* (2d Ed.) § 12.04; 17 *Am. Jur.* *"Divorce and Separation"* § 565.

■ Accordingly, it is held that the Court is without authority to compel the defendant to reimburse the plaintiff for detective fees paid by her. This ruling is based upon the ground stated, there being reserved for another day the question of whether suit money may be awarded for unpaid past expenses. See *Keezer, Marriage and Divorce* (3d Ed.) § 606; 19 *C. J.* *"Divorce"* § 549; 27 *C. J. S., Divorce,* § 216.

The application must be denied.