MARIE J. FULLING, Plaintiff, v. ROGER W. FULLING, Defendant.

452

(*July* 17, 1957.)

SEITZ, Chancellor, sitting.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for plaintiff.

*David Snellenburg, II,* (of Killoran and VanBrunt) for defendant.

Superior Court for New Castle County, No. 112, Civil Action, 1957.

SEITZ, Chancellor:[1]

Plaintiff-wife filed a petition under 13 *Del. C.* § 1530, seeking an order requiring her husband to pay attorney's fee

[1]Assigned as Acting Superior Court Judge by the Supreme Court of Delaware.

and expenses.[2] This Court denied the petition. Thereafter re-argument was granted to the extent plaintiff's motion raised the question of the right of the Court to consider plaintiff's principal estate in determining whether expenses would be allowed under the statute. This is the decision thereon.

The statute in question reads as follows:

"The court may grant alimony to the wife for her sustenance pending her petition for divorce, and order and direct the husband to pay such sum as is deemed necessary to defray the expenses in conducting her case, whether the application is on the part of either the wife or husband, and shall protect her from personal restraint. The court, in the execution of the powers conferred by this chapter, may employ such compulsory process as it deems proper."

At a preliminary stage, Judge Layton ordered a $150 per month statutory alimony *pendente lite* payment on the ground that such sum was needed to balance her income and expenses. Plaintiff argues from this conclusion that since the present application is made on the same basic record, the court must accept as established the wife's need of expense money.

Plaintiff's argument, as I understand it, is that under the statute, the Judges of the Superior Court are obligated to apply the same standard in determining whether a sum for expenses is "necessary" as it applies in determining a wife's right to alimony *pendente lite*. I do not believe that this is a correct interpretation of the statute. The word "necessary" as used in the statute is employed in connection with the allowance of expense money and not in connection with the provision for alimony *pendente lite*.

---

[2]Although this matter was considered after the decision denying the divorce, the parties agreed to accept the practice of the Superior Court to defer such applications (at least as to attorney's fees) until after decision. However, under the language of the statute I believe the application must be considered as though made before decision. Thus, I did not consider the decision in determining the application for expenses.

The case of *Brown v. Brown*, 3 *Terry* 157, 29 *A.* 2d 149 states that a wife must show "need" in order to obtain statutory alimony. However, since the husband had a common law duty to support his wife, it is apparent that her showing of "need" would not be the strict showing of necessity required under the statute in order to obtain interlocutory expense money. It might also be noted that the history of the statute shows that the provision for alimony was enacted several years before the portion providing for expense money. This statutory history shows that the two matters were considered and treated separately by the Legislature.

I conclude that under the statute I am not called upon to apply the standard adopted by Judge Layton in disposing of plaintiff's petition for alimony *pendente lite* unless, as plaintiff contends, "the Court erred in ruling, in effect, that plaintiff must resort to the *corpus* of her separate estate in order to pay attorney's fees and expenses".

The undisputed facts show that the couple had been married less than a year when plaintiff commenced this action. She has an income of about $5,000 or $6,000 a year and has marketable stocks and cash worth about $85,000. The defendant-husband had a salary of $50,000 a year and assets worth about $120,000. His expenses are moderate. In reaching my decision I shall assume that plaintiff will have to pay for the expenses (a reasonable attorney's fee plus other costs) from her principal estate, if this petition is denied. The husband's ability to pay is duly demonstrated.

As plaintiff contends, there are cases in some other jurisdictions holding that the wife is entitled to expense money from her husband unless her income is deemed sufficient for that purpose; *e. g., Harding v. Harding*, 144 *Ill.* 588, 32 *N. E.* 206, 21 *L. R. A.* 310. However, there are cases apparently recognizing a contrary rule. *Suydam v. Suydam*, 79 *N. J. Eq.* 144, 80 *A.* 1057. Plaintiff argues that in none of the cases relied upon by defendant involved a situation where the Court was confronted with a

factual situation which required the Court to meet the problem here presented. That point I need not decide in view of my construction of our statute.

Some of the cases cited by plaintiff apparently hold that the wife's principal estate cannot be considered, no matter how substantial. No Delaware case on this point has been found. Indeed, the one case in Delaware touching the construction of the word "necessary" in the statute appears to adopt a rather strict approach. See *Hopkins v. Hopkins*, 8 *Terry* 515, 94 *A.* 2d 222.

The question as I see it is whether the Court in exercising its discretionary power under our statute may consider a wife's principal estate as well as her income in determining whether it is necessary for her to have expense money from her husband. A large separate estate of a wife would ordinarily be expected to produce sufficient income to prevent the problem from arising. However, if we assume, as I have done, that the wife's income (including alimony) and expenses about match, what should the answer be?

First off, I think the statute permits the Court to consider the entire picture of the wife's finances, principal and income. This would seem to follow from the discretion granted and from common sense. The wife's finances are then evaluated in the light of her age, needs, etc., in order to determine whether the "necessary" showing has been made. This approach is consonant with the purpose of the statute, *viz.*, to put the wife in a position where her prosecution or defense of a divorce action will not be unduly jeopardized by lack of sufficient means. While the statute does not require her to show that she is without means in order to obtain financial aid from her husband, there is obviously a point where the wife's finances prevent her from making the "necessary" statutory showing.

What are the facts? Plaintiff is in her fifties, lives rather well, and has only a mother to support. She is in reasonably good health. Considering these factors along with the size

and nature of plaintiff's principal estate, as well as the amount of a reasonable allowance for expenses, I conclude that plaintiff failed to show statutory necessity. The size of the payment from principal when viewed against the other factors mentioned would not in my opinion so prejudice plaintiff's financial future that it is necessary for her husband to pay her expenses in order to prevent undue prejudice to her. The mere fact that defendant could well afford to pay plaintiff's expenses is not a "reason" for making him do so.

Present order on notice.