DORIS C. GILBERT, Defendant Below, Appellant, v. ELDON E. GILBERT, Plaintiff Below, Appellee.

(*October* 3, 1962.)

SOUTHERLAND, C. J., and WOLCOTT and TERRY, J. J., sitting.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for appellant.

*Thomas Herlihy, Jr.*, and *Thomas Herlihy, III*, for appellee.

Supreme Court of the State of Delaware, No. 18, 1962.

WOLCOTT, J.:

A husband, appellee here, sued his wife, appellant here, in the Superior Court for divorce on the ground of wilful desertion. The wife denied wilful desertion and petitioned, pursuant to 13 *Del. C.*, § 1530, for the allowance of expenses for her defense, commonly called suit money, and alimony *pendente lite*. The husband moved to dismiss the petition on the ground that it "fails to state a claim upon which relief can be granted." The court below allowed the petition for suit money but dismissed as to alimony *pendent lite* on the ground that the Superior Court was without jurisdiction over it. Del. Super., 176 A. 2d 371. The wife appeals the refusal to award alimony *pendente lite*.

The Superior Court for many years awarded suit money and alimony *pendente lite* on the application of a wife in a divorce action by reason of 13 *Del. C.*, § 1530, which provides as follows:

"The court may grant alimony to the wife for her sustenance pending her petition for divorce, and order and direct the husband to pay such sum as is deemed necessary to defray the expenses in conducting her case, whether the application is on the part of either the wife or husband, and shall protect her from personal restraint. The court, in the execution of the powers conferred by this chapter, may employ such compulsory process as it deems proper."

However, in this action the court below held that 13 *Del. C.*, § 1530, in so far as it purports to authorize the award of alimony *pendente lite*, had been impliedly repealed by the subsequent enactment of 10 *Del. C.*, § 951, conferring exclusive original jurisdiction on the Family Court over the refusal of a husband to support his wife. This non-support jurisdiction as defined in § 951 arises whenever "* * * any husband, without just cause, deserts or wilfully neglects or refuses to provide for the support and maintenance of his wife in destitute or necessitous circumstances * * *."

The rationale of the decision of the court below appears to be that, since the power to grant alimony is purely statutory, being unknown at common law, a court is without power to grant alimony in the absence of specific statutory authority to do so. Moreover, since alimony payments are the equivalent of payments made for the support of a deserted wife, it follows that the grant of exclusive original jurisdiction over non-support causes to the Family Court worked an implied repeal of the statute authorizing the Superior Court to grant alimony *pendente lite*.

The approach taken by the court below, acquiesced in by counsel, makes it quite apparent that all concerned re-

garded a petition for alimony *pendente lite* under 13 *Del. C.*, § 1350, as the assertion of an independent cause of action for non-support, separate and apart from the pendency of a divorce action. That this is so is made clear by the consideration of the doctrine of implied repeal of one court's statutory jurisdiction over a class of causes by the conferring of exclusive jurisdiction over such causes upon a different tribunal. See *duPont v. duPont*, 7 Terry 592, 87 A. 2d 394, and *Mayor and Council of Wilmington v. State ex rel. duPont*, 5 Terry 332, 57 A. 2d 70.

We think, however, that to regard the petition of a wife for alimony *pendente lite* made in a pending divorce action as the assertion of an independent and separate cause of action is to mistake its nature. 13 *Del. C.*, § 1530, does not purport to confer jurisdiction upon the Superior Court over separate and independent causes of action for alimony or non-support. It is in reality a statutory grant of power to the Superior Court in aid of its admitted jurisdiction over divorce conferred upon it by 13 *Del. C.*, § 1501.

In *duPont v. duPont*, 7 Terry 592, 593, 87 A. 2d 394, we had occasion to consider whether or not the Superior Court, in an action for the annulment of a marriage, had authority to award suit money to a dependent wife in the absence of a statute specifically authorizing such an award in annulment actions. We held that the conferring by statute upon the Superior Court of jurisdiction over the annulment of marriages carried with it impliedly all the inherent powers exercised by the Ecclesiastical Courts of England in connection with their jurisdiction over matrimonial causes, since, to hold otherwise, would be to make the remedy of annulment incomplete and oftentime ineffective. Specifically, we were speaking of the practice of the Ecclesiastical Courts of awarding the wife in annulment actions alimony *pendente lite* and suit money upon a proper showing. The reason, of course, for the exercise of this power was to equalize, at least to some

extent, the positions of the contending spouses. The basis for the power is the necessity of protecting the court's jurisdiction over matrimonial causes since, under some circumstances at least, a wife lacking funds and means of sustenance would be coerced into not defending her rights.

It is thus apparent that the right of a wife to apply for the allowance of suit money and alimony *pendente lite* in a pending annulment action is not the assertion by her of an independent cause of action, but is a prayer that the court, in its discretion, exercise one of its incidental powers possessed solely by reason of its jurisdiction over the matrimonial cause. *Nelson on Divorce and Annulment* (2nd Ed.), §§ 12.09 and 12.13. This is true with respect to actions for the annulment of marriages. It is also true, generally speaking, with respect to actions for divorce. *Ibid.* § 12.11.

Obviously, therefore, if 13 *Del. C.*, § 1530, had never been a part of our statutory law, the holding of the *duPont* case would require the conclusion that the statutory grant to the Superior Court of jurisdiction over the subject of divorce carried with it impliedly the inherent power of the Ecclesiastical Courts to award alimony *pendente lite* and suit money. This follows from the fact that actions for divorce are matrimonial causes of action, and such power was inherently possessed by the Ecclesiastical Court in all matrimonial causes.

The fact is, however, that the General Assembly purported to confer this power specifically upon the Superior Court by statute. What difference, then does the existence of the statutory grant make? We are of the opinion that it makes no difference whatsoever. 13 *Del. C.*, § 1530, merely confers specifically upon the Superior Court powers which are inherently possessed by any court with jurisdiction over matrimonial causes.

The history of the Delaware Divorce and Annulment Statutes, set out at length in the opinion of the *duPont* case,

points up this conclusion. The first Divorce and Annulment Statute was enacted in 1832. In that act no distinction was made in accordance with the modern concepts of divorce and annulment. Both were grouped together and the original grant of power to award alimony *pendente lite* applied equally to what today would be actions for divorce and for annulment.

The lack of distinction between divorce and annulment continued in our statutory law until the revision of 1907 (24 *Laws*, Ch. 221) in which, for the first time, a clear division was made between actions for divorce and actions for annulment. In that revision, however, for some reason, the statute now appearing as 13 *Del. C.*, § 1530, was left applicable to petitions for divorce only.

This may have been an oversight since theretofore all matrimonial causes in Delaware were labeled petitions for divorce. On the other hand, it may have been as suggested by Judge Herrmann in the opinion below in the *duPont* case, 7 Terry 280, 83 A. 2d 105, that the specific authority to award suit money and alimony *pendente lite* was granted the Superior Court because, in 1832, when jurisdiction over divorce *a vinculo* was first conferred upon the Superior Court, it was the grant of jurisdiction exercised in England by act of Parliament, and thus was the conferring upon a court of legislative power. If this was so, it might well have been reasoned that it was necessary to spell out in detail powers to be exercised by the court in implementation of the jurisdiction thus granted, since, in England, the Ecclesiastical Courts had never had jurisdiction over divorce *a vinculo*. Thus, it might have been that, in 1907 as well, the same reasoning would have required the retention of the statutory designation of powers with respect to divorce actions. With respect to annulment actions this would have been regarded as unnecessary since those same powers were inherent in the jurisdiction, itself.

However, whatever the reasoning behind the enactment

of 13 *Del. C.,* § 1530, it is clear that the General Assembly was merely detailing incidental powers possessed inherently by a court with jurisdiction over matrimonial causes.

We are, accordingly, of the opinion that 13 *Del. C.,* § 1530, does not confer jurisdiction, in the sense of jurisdiction over independent causes of action, upon the Superior Court. This being so, it follows that there is no possible conflict between the Family Court's original exclusive jurisdiction over non-support cases and the power of the Superior Court in divorce and annulment actions to equalize the positions of the parties by awarding alimony *pendente lite* to the wife upon a proper showing.

The fundamental error into which the court below fell was to regard the power to award support to the wife pending the divorce litigation as a separate and independent cause of action for non-support. As we have pointed out, it is not that —it is solely a means by which the Superior Court in a proper case may afford the wife the means of prosecuting or defending the action for divorce.

The right of a wife to petition for alimony *pendente lite,* however, does not mean that she is entitled to its award as a matter of right. The exercise by the court of its power is permissible. The grant or denial of the petition is to be decided as a matter of discretion under all the circumstances. Primarily the function of the power is to equalize the positions of the parties and to protect the court's jurisdiction over the pending divorce cause by insuring that the wife's side will be adequately and effectively presented.

For the foregoing reasons the judgment of the court below is reversed, and the cause is remanded with instructions to the Superior Court to entertain the wife's petition for alimony *pendente lite.*