**WIFE, Defendant Below, Appellant,**

v.

**HUSBAND, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Aug. 18, 1970.

Vincent A Theisen and John G. Mulford, of Theisen, Lank & Kelleher, Wilmington, for defendant below, appellant.

James M. Tunnell, Jr. and Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

In a prior opinion in this case, Del. Supr., 258 A.2d 283 (1969), we held that T. 13 Del.C. § 1531(a) permits the Superior Court to order an allowance to an adulterous wife out of a husband's personal estate, even though she has contributed nothing to that estate. Following that ruling, the Superior Court refused to make an allowance to the wife * in the present case. She has again appealed, charging that the action of the Court below was an abuse of discretion.

---

* It is convenient to continue to refer to the parties as "wife" and "husband" despite the finality of the divorce. In view of the provisions of 13 Del.C. § 1503, requiring that all hearings and trials in divorce cases shall be private except when otherwise ordered by the Court, we have adopted the practice of publishing opinions in divorce cases anonymously.

The trial Judge, in a letter opinion, pointed out (1) the substantial wedding gift made by the husband to the wife; (2) the considerable sums spent by him towards her child's education; (3) the life of luxury he furnished her during the few years of their marriage; (4) the absence of any conduct on his part which could possibly amount to mitigation of her conduct. The Judge further held that her present need is not significant since "it was not created by or contributed to by the husband." With this holding we must disagree. We think that the question of a wife's need is necessarily a factor in the determination of an application of this type. Even a wife who is guilty of adultery should not be made a public charge if that can be avoided, when a husband would not suffer undue deprivation. Our prior decision in this case, *supra,* and our more recent ruling on Buonassisiv. Buonassisi, recent ruling in Buonassisi v. Buonassisi, Del.Supr., 267 A.2d 888 (1970), demonstrate a policy not to punish an aggressor wife to the extent of starvation. The lawmaking authorities have accepted the philosophy represented by those decisions by enacting the amendment to 1531(a), which was approved on June 9, 1970, quoted in the *Buonassisi* opinion.

In the present case, the trial Judge obviously and understandably felt no sympathy for the wife. If her conduct were the only criterion for judging an application under 1531(a), we would no doubt agree with his ruling. There are facts, however, which impel the conclusion that the refusal of any allowance to her constitutes an abuse of discretion. The wife is a woman approaching middle age, not very proficient in the English language, with no training or experience for earning a living, and apparently no one in this country to whom she can turn for support. According to her testimony, her relatives in France cannot, or will not, contribute thereto. Even assuming (notwithstanding her denial) that she owns the furniture in her apartment, it would hardly be of sufficient value to pay the overdue rent. Her only asset is an investment in a real estate enterprise in France, which, according to her, would be difficult for various reasons to convert into cash at this time. The appellee, on the other hand, has substantial assets and can well afford the payment of a reasonable allowance. Under the circumstances, we think such an allowance should be made as will enable her to pay her American creditors and provide living expenses for a short time to enable her to make some permanent arrangement for the future. In our opinion, an allowance of $10,000 should be made.

The order entered below will be reversed and the record remanded for the entry of a new order pursuant hereto.