**HUSBAND S., Plaintiff Below, Appellant and Cross-Appellee,**

v.

**WIFE S., Defendant Below, Appellee and Cross-Appellant.**

Supreme Court of Delaware.

May 31, 1972.

James M. Tunnell, Jr., and Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellant and cross-appellee.

Vincent A. Theisen, and William H. Uffelman, Jr., of Theisen, Lank & Kelleher, Wilmington, for defendant below, appellee and cross-appellant.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

This is an appeal from an award of suit money to the defendant wife in a divorce case. The facts and background of the

case appear in prior decisions reported at Del.Super., 252 A.2d 106; Del., 253 A.2d 63; Wife v. Husband, Del., 258 A.2d 283; and Wife v. Husband, Del., 269 A.2d 214.

In support of the defendant's application for suit money, her attorney stated that, as of September 16, 1970, he had expended 793 hours in the case, and his associates about 314 hours. He asserted that the rates in effect in his firm when the services were rendered were $50. per hour for himself and $35. for his associates.

The Trial Court held that the plaintiff husband should be charged with 80% of the time claimed and that the defendant's attorney and his associates should be paid $35. and $20. per hour, respectively. Accordingly, the Trial Court awarded the defendant $27,960. as counsel fees and $4,742.21 as out-of-pocket expenses.

The plaintiff appeals and the defendant cross-appeals.

I.

The plaintiff contends that the governing Statute, 13 Del.C. § 1530,[1] does not authorize the award of suit money to the defendant wife who lost the divorce action, her only defense to it being fraudulent. The reference is to the finding that the defendant committed perjury in this case. See 253 A.2d at 66.

The recognized purpose of 13 Del.C. § 1530 impels rejection of this contention. In Gilbert v. Gilbert, Del.Supr., 185 A.2d 73 (1962), this Court described the Court's powers under § 1530 as follows: (185 A.2d at 76)

"Primarily the function of the power is to equalize the positions of the parties and to protect the court's jurisdiction

over the pending divorce cause by insuring that the wife's side will be adequately and effectively presented."

It is to be noted that § 1530 is deemed addressed to the future of a case—not to its past developments or its results. Its purpose is to enable a necessitous wife to obtain suitable counsel at the outset of a divorce case, by the statutory assurance of compensation, so that she will have an equal position with her husband before the courts from the inception of the action. Necessitous wives are entitled to equal legal representation from the beginning of a divorce case. A lawyer is not obliged, or likely, to represent a necessitous wife in a divorce action upon a contingency fee basis. They are both entitled to know at the outset whether counsel will be compensated under § 1530. It follows that rights under § 1530 are to be determined, in the exercise of a sound judicial discretion, as of the time of the commencement of the action, and not later.

These concepts were correctly recognized in Fulling v. Fulling, Del.Super., 11 Terry 451, 134 A.2d 263, 264 (1957), wherein the application for suit money was "considered as though made before decision" although actually it was considered after the denial of the divorce in accordance with "the practice of the Superior Court to defer such application * * * until after decision."

The concept and the practice were followed in the instant case. An application for suit money was filed soon after the inception of the case and a token $750. was awarded. No appeal was taken from that initial determination of necessity and right under § 1530. The disposition of subsequent applications was postponed until the conclusion of the case. Thus, the defendant and her counsel were permitted to pro-

1. 13 Del.C. § 1530 provides:
 "§ 1530. *Alimony and legal expenses*
 "The court may grant alimony to the wife for her sustenance pending her petition for divorce, and order and direct the husband to pay such sum as is deemed necessary to defray the expenses in con-

ducting her case, whether the application is on the part of either the wife or husband, and shall protect her from personal restraint. The court, in the execution of the powers conferred by this chapter, may employ such compulsory process as it deems proper."

ceed into and through this extensive litigation on the assumption of a right to suit money under § 1530. Subsequently, the defendant's right to suit money under § 1530 was re-affirmed by the Superior Court in rejection of the very contention made here. In so doing the Court stated: (252 A.2d at 108)

> "Judges must resolve such issues [denial of adultery], which are often close questions, by application of the preponderance of the evidence principle. Ultimate truth is, of course, always the goal but it cannot always be said with certainty that this goal has been reached.

> "Should plaintiff's position upon this point be sustained a necessitous defendant's attorney in an adultery proceeding would not hence forth be compensated unless he prevailed. To so hold would, in my judgment, be a tortured construction of the statute."

We agree with the Trial Court's reasoning.

■ Accordingly, we hold that, in the exercise of its discretion, the right to suit money under § 1530 is to be viewed by the Trial Court as of the inception of the case; that later developments during the case, such as the finding of perjury, or the ultimate result of the case, such as an unsuccessful defense, may be relevant to the amount of suit money to be awarded, but not to the right thereto under the Statute.

The cases cited by the plaintiff in this connection include Hicks v. Hicks, 249 Cal. App.2d 964, 58 Cal.Rptr. 63 (1967); Wick v. Beck, 171 Iowa 115, 153 N.W. 836 (1915); and Howard v. La Costa, Tex.Civ. App., 270 S.W. 181 (1925). Those cases are inapposite because they involved either a significantly different statute and practice or the common law rule and practice.

■ We conclude that there was no abuse of discretion on the part of the Trial Court in its award of suit money, the ultimate finding of perjury notwithstanding. See DuPont v. DuPont, Del.Super., 7 Terry 280, 83 A.2d 105, 108–110 (1951); DuPont v. DuPont, Del.Supr., 8 Terry 231, 90 A.2d 468, 475–476 (1952); DuPont v. DuPont, Del.Ch., 90 A.2d 476 (1952) and 33 Del.Ch. 364, 93 A.2d 500, 505 (1952).

## II.

The plaintiff contends that the conduct of the defendant's attorney was so improper as to bar an award of suit money to the defendant.

The Trial Court considered the various assertions in this regard and stated:

> "A part of this contention relates to certain alleged misstatements of counsel orally and by affidavit over the course of this litigation to the Court. Some of these matters are admitted by the wife's counsel to have been stated in error but he denies any impropriety in doing so.

> "I have examined the husband's brief in detail on this point and I do not find any of the alleged misrepresentations to have been on a point so material that any phase of this litigation would have been handled differently by the Court had such misrepresentation not been made. Nor do I find any alleged misrepresentation which cannot be explained by the circumstances of an attorney representing a client who has difficulty with the English language and who has been involved in litigation which has been difficult in the extreme for everyone concerned with it.

> "Other matters raised in support of this contention have been considered in detail. The most that can be said is that at times the wife's counsel may not have used his best judgment but on no occasion do any of the matters referred to amount to improper conduct which would preclude the wife's counsel from receiving compensation for his services."

■ The Trial Judge had intimate knowledge of the matters complained of and their importance to the overall context of the case as well as to the ethical con-

siderations involved. In the exercise of his discretion, the Trial Judge did not consider them, individually or collectively, to be serious enough to bar an allowance of counsel fees. We find no abuse of discretion. The Trial Court's findings and conclusions as to counsel fees will not be disturbed.

In support of this contention, the plaintiff cites Lane v. Rushmore, 123 N.J.Eq. 531, 198 A. 872 (1939); Neblett & Norman v. Goukas, Tex.Civ.App., 40 S.W.2d 1113 (1931); Redmond v. Broadus, 153 Miss. 889, 122 So. 194 (1929); Duffy v. Colonial Trust Co., 287 Pa. 348, 135 A. 204 (1926); Plater v. Plater, D.C.Mun.App., 172 A.2d 142 (1961). All are inapposite on their facts.

### III.

The remainder of the plaintiff's contentions are addressed to the question of whether the award of suit money was "necessary to defray the expenses" of the defendant "in conducting her case", within the meaning of § 1530. It is argued that the defendant failed to show necessitous circumstances when that issue was raised by the plaintiff in the final suit money stage of the case.

■ The defendant's necessitous circumstances appear to have been conceded at the outset of the litigation when the token $750. allowance for suit money was made. No appeal was taken from that award. As we have held, the right to suit money is determined as of the inception of the case. As of that time, necessity was established or conceded; and such necessity was recognized as being part of the record of this case as late as 1970, long after the grant of the decree, when this Court stated: (269 A.2d at 215)

"In the present case, the trial Judge obviously and understandably felt no sympathy for the wife. If her conduct were the only criterion for judging an application under 1531(a), we would no doubt agree with his ruling. There are facts, however, which impel the conclusion that the refusal of any allowance to her constitutes an abuse of discretion. The wife is a woman approaching middle age, not very proficient in the English language, with no training or experience for earning a living, and apparently no one in this country to whom she can turn for support. According to her testimony, her relatives in France cannot, or will not, contribute thereto. Even assuming (notwithstanding her denial) that she owns the furniture in her apartment, it would hardly be of sufficient value to pay the overdue rent. Her only asset is an investment in a real estate enterprise in France, which, according to her, would be difficult for various reasons to convert into cash at this time. The appellee, on the other hand, has substantial assets and can well afford the payment of a reasonable allowance. Under the circumstances, we think such an allowance should be made as will enable her to pay her American creditors and provide living expenses for a short time to enable her to make some permanent arrangement for the future. * * *."

The plaintiff argues that the foregoing is inapposite because, there, we were considering an application, under 13 Del.C. § 1531(a),[2] for an allowance to the wife out of the plaintiff's property. This is a distinction without a difference. The lack of available funds to subsist was the "need" found under § 1531(a); the lack of available funds to engage and pay counsel is the "necessity" to be found under § 1530.

2. 13 Del.C. § 1531(a) provides:
"(a) When a divorce shall be decreed for the aggression of the husband, the complainant shall be restored to all her real estate, and allowed, out of her husband's real and personal estate, such share as the court thinks reasonable; but if the divorce be for the wife's aggression, the court may restore the whole or a part of her real estate, and also such share of her husband's personal property as seems reasonable."

We hold that the "need" we found under § 1531(a) fulfills the requirements of "necessity" under § 1530. These were not separate issues; for present purposes, we view them as one; and that one as settled in this case. See Gilbert v. Gilbert, Del.Supr., 185 A.2d 73 (1962).

The plaintiff says that because he never contested the defendant's need for alimony pendente lite under § 1530, he has not had his day in court on the question of the necessity of an award of suit money under that Statute. For the reasons stated herein, the issues of need and necessity may not be thus fragmented or distinguished.

There was no error in the Trial Court's award of suit money as being "necessary".

### IV.

Upon her cross-appeal, the defendant complains of the Trial Court's action in basing the award of suit money upon 80% of the time expended by counsel and upon an hourly rate of compensation substantially less than that usually charged by counsel and his associates.

 We hold that it was error to adopt that method of arriving at the amount of counsel fees to be awarded. The actual time expended and the prevailing hourly value of services should not be thus arbitrarily discounted. Rather, reasonable counsel fees should be evaluated upon the basis of the factors and formula set forth in the Delaware Lawyer's Code of Professional Responsibility, DR 2–106 (B) as follows:

" * * * Factors to be considered as guides in determining the reasonableness of a fee include the following:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fees customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

For the purposes of an application under § 1530, we add to the foregoing the factor of the husband's ability to pay and the requirement of an affidavit of the wife's counsel as to what fees and expenses, if any, have been received or will be received from any other source. See duPont v. duPont, Del.Super., 83 A.2d 105, 106 (1951).

Accordingly, the cause will be remanded for redetermination, under DR 2–106(B), of the counsel fee portion of the suit money award. The out-of-pocket expenditure portion is affirmed.

It appears that the award of suit money here under review took into account only those services rendered prior to September 16, 1970; that substantial services have been rendered and additional out-of-pocket expenditures have been made since that date. Upon the remand, these and any other unfinished matters should be finally determined.

Modified and remanded.