**HUSBAND B., Plaintiff-Respondent Below, Appellant,**

v.

**WIFE B., Defendant-Petitioner Below, Appellee.**

Supreme Court of Delaware.

July 21, 1972.

Petition for Reargument Denied
Aug. 10, 1972.

Sheldon N. Sandler and Robert Jacobs, of Bader, Dorsey & Kreshtool, Wilmington, for appellant.

Henry A. Wise, Jr., of Booker, Green, Shaffer, Berl & Wise, Wilmington, for appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

WOLCOTT, Chief Justice:

This is an appeal from an award of alimony and counsel fees by the Superior Court in an uncontested divorce action in which the ground for divorce asserted was incompatibility under 13 Del.C. § 1522(12). While the wife, the appellee, did not contest the divorce, she nevertheless complied with the provisions of 13 Del.C. § 1537(a) by putting in issue her dependency upon the husband, the appellant.

A decree nisi was entered which ultimately was made final and, thereafter, a hearing was held on the question of alimony and counsel fees, and an award was made to the wife.

The husband basically argues that the wife failed in her evidence to establish the fact of dependency and, therefore, the award of alimony and counsel fees was an abuse of discretion by the Superior Court. Citing McCormick v. McCormick, 202 Pa. Super. 250, 195 A.2d 851; Young v. Young, 47 Wash.2d 497, 288 P.2d 463 (1955); Fulling v. Fulling, 11 Terry 451, 134 A.2d 263 (Del.Super., 1957) and Hopkins v. Hopkins, 8 Terry 515, 94 A.2d 222 (Del.Super., 1953), husband argues that the wife failed to prove it was necessary to make an allowance to her of alimony and counsel fees.

We think, however, the argument is misplaced since 13 Del.C. § 1537(a) is a new statute, enacted in 1970, and requires a petitioning wife to prove by a preponderance of the evidence her dependency upon the husband for support, and if that proof is forthcoming the Court may order the husband to make periodic support payments to the wife in a sum "reasonable under the circumstances of the parties".

We have considered the evidence offered by the wife, and are of the opinion that there is sufficient evidence to satisfy the preponderance rule of "defendant's dependency upon plaintiff for support". The conclusion, therefore, must be that the award of alimony to the wife was not error.

13 Del.C. § 1537(b) provides that where the issue of dependency shall have been raised, the Court may allow alimony and expense money to the wife. It follows, therefore, that unless there was an abuse of discretion in the allowance of expense money, the Court was well within its authority under the statute. We have reviewed the circumstances and are of the opinion that there was no error in the award of expense money, and that the Court did not abuse its discretion.

We therefore refuse to disturb the judgment of the Superior Court making an award of alimony and of expense money to the wife.

If the husband has a remedy in the nature of reconsideration of this award by reason of a future change in circumstances, we think it is not in the Superior Court by reason of the provisions of 13 Del.C. § 1537(c) which provides that any order entered by the Superior Court for alimony and expense money in connection therewith shall be enforced exclusively by the Family Court.

The judgment below is affirmed.