WIFE R.

v.

HUSBAND R.

Superior Court of Delaware,
New Castle.

July 20, 1973.

Frank J. Gentile, Jr., Wilmington, for plaintiff.

Clement C. Wood, of Allmond & Wood, Wilmington, for defendant.

## OPINION OF THE MOTION OF DEFENDANT TO STRIKE PLAINTIFF'S PRAYER FOR COUNSEL FEES AND NECESSARY EXPENSES IN THE CONDUCT OF THIS ACTION

TAYLOR, Judge.

Plaintiff, June M. Rickerson, filed this divorce action alleging incompatibility. The issue is whether a wife who is plaintiff in a divorce action based on incompatability may be awarded counsel fees and necessary expenses to be paid by her husband.[1]

13 Del.C. § 1530 provides that:

"The court may grant alimony to the wife for her sustenance pending her petition for divorce, and order and direct the husband to pay such sum as is deemed necessary to defray the expenses in conducting her case, whether the application is on the part of either the wife or husband, and shall protect her from personal restraint."

1. This Court held in Brown v. Brown, Del. Super., 3 Terry 157, 42 Del. 157, 29 A.2d 149 (1942) that the same relief is available to the defendant wife.

A necessary element to an allowance under this section is that a wife lack available funds to engage and pay counsel. Husband S. v. Wife S., Del.Supr., 294 A.2d 89 (1972). For purposes of this motion, it will be assumed that the requisite need of wife exists.

■ The terms of § 1530 clearly contemplate relief for the plaintiff wife. The objective of the statute is that in a pending divorce action "a wife should be in a position adequate to present her side of the controversy", ibid, p. 153, and "to prevent a failure of justice". Hopkins v. Hopkins, Del.Super., 8 Terry 515, 47 Del. 515, 94 A. 2d 222 (1953). The statute empowers the Court "to equalize the positions of the parties and to protect the court's jurisdiction over the pending divorce cause by insuring that the wife's side will be adequately and effectively presented." Gilbert v. Gilbert, 5 Storey 138, 55 Del. 138, 185 A.2d 73, 76 (1962).

■ The determination of such allowance is based upon facts existing before trial of the divorce and does not depend upon the divorce allegations or the charges of wrongdoing. Husband S. v. Wife S., Del.Supr., 294 A.2d 89 (1972). The section is not confined to particular grounds for divorce and has been considered applicable to divorce actions irrespective of whether divorce could have been obtained on the particular ground at the time of the enactment of 13 Del.C. § 1530 or whether subsequent amendment to the divorce law established the ground for divorce. Such an allowance may be made even though wrongdoing on the part of the wife is charged and thereafter proved. ibid.

The language of the section does not make an award dependent upon the existence of fault. Compare Rolph v. Rolph, Del.Super., 1 Storey 552, 51 Del. 552, 149 A.2d 744 (1959). This contrasts with §

1531 which relates entitlement to property allowance or division to particular divorce grounds and to specified status of the applicant. ibid.

■ The contention is that 13 Del.C. § 1537, which was enacted to deal specifically with divorce action based upon incompatibility, limits the applicability of § 1530 in incompatibility divorce actions.[2] Subsection (a) authorizes the Court to award periodic support payments to a defendant, upon a proper showing, "to continue while the defendant remains alive and unmarried or for such shorter period" as the Court fixes. This subsection was designed to permit continuing support to a defendant where a defendant is not chargeable with the more stringent historic grounds for divorce and the mutuality contemplated by incompatibility is the sole basis for the divorce. Prior to enactment of that section there was no statutory authorization to award support payments (in contrast to allowance or division of property under 13 Del.C. § 1531), after the divorce decree became final. Beres v. Beres, Del.Super., 2 Storey 133, 52 Del. 133, 154 A.2d 384 (1959). Subsection (b) of § 1537 provides:

"Where dependency shall be put in issue, the Court may allow defendant alimony and expense money as provided in § 1530 of this title."

It is difficult to determine the reason for the inclusion of subsection (b). As noted above, the specific language of § 1530 refers to an allowance to wife "pending her petition for divorce". It is possible that the draftsman of § 1537 concluded that in view of the wording of § 1530 and in view of the allowance in § 1537 of support *after* the final decree to a defendant in an incompatibility action, a specific reference should be made to the fact that the defendant could also be allowed alimony and expense money prior to the final decree. The language in § 1537 does not by its

---

**2.** Nothing in the statute (56 Del.Laws, Ch. 296) which added incompatibility as a ground for divorce indicates a legislative intent to exclude this ground from the coverage of § 1530. § 1537 was enacted by 57 Del. Laws, Ch. 540.

## 880

terms preclude alimony and expense money to a plaintiff under § 1530 as such right can be found within the language of § 1530. It is concluded above that the language of § 1530, standing alone, would permit a plaintiff wife in any divorce action to seek alimony and expense money upon a proper showing.

■ Repeal by implication is not favored. Improved Parcel of Land Known as No. 900 West Second Street, Etc., v. State ex rel. State Highway Department, Del.Supr., 195 A.2d 390 (1963). A statutory provision will not be found to have been repealed by implication except to the extent necessary to give meaning and effect to a statutory enactment. DuPont v. DuPont, Del.Supr., 7 Terry, 592, 46 Del. 592, 87 A.2d 394 (1952). The test is whether an irreconcilable inconsistency exists between a later statute and a pre-existing statute. Bank of Delaware v. Bancroft, Del.Ch., 269 A.2d 254 (1970).

■ The specific language of subsection (b) merely authorizes the Court to allow temporary alimony and expenses to a defendant in an incompatibility divorce action. It does not by its terms bar such award to a plaintiff. The exclusion of plaintiff wife in an incompatibility divorce action is not necessary to give meaning and effect to § 1537(b). Moreover, in view of the specific language of § 1530, § 1537(b) was justified to cover the specific matter dealt with in subsection (b). The apparent object of the statute was to expand the jurisdiction of the Court. Nothing indicates a legislative intent to narrow the existing jurisdiction conferred by § 1530. Accordingly, there is no sufficient basis for concluding that the General Assembly intended when it enacted § 1537(b) to place a limitation upon the applicability of § 1530 as to a plaintiff wife in an incompatibility divorce action.

Accordingly, defendant's motion is denied.

It is so ordered.