PER CURIAM:
This is an appeal from Family Court on certain matters ancillary to the granting of a divorce between the parties. While we have no major difficulty with the substance of the disposition of the Family Court, two matters of timing and one of procedure do give us some concern and cause us to modify the disposition and remand the case for limited additional proceedings.
Preliminarily, except for one matter hereafter discussed and considering primarily the economic potential of the parties, we have no difficulty with the discretionary division of property made by the Family Court. There is a wide discretion vested in Family Court to assign marital property to either or both of the spouses “in such proportions as the Court deems just.” 13 Del.C. § 1513(a); J. D. P. v. F. J. H., Del.Supr. en banc, 399 A.2d 207, 210 (1979); M v. M, Del.Supr., 321 A.2d 115 (1974), Moreover, in this case; we find the husband’s claim, raised for the first time on appeal, that certain money received by the wife from her mother constituted marital property, comes too late. It is directly contrary to the stipulation made in the Family Court that such money was not marital property and thus was clearly not fairly presented to the Trial Court.[1] See 13 Del.C. § 1513(b)(2); Supreme Court Rule 8. We see no basis to litigate on appeal a claim that was expressly foreclosed by stipulation in the Trial Court. Nor do we find any abuse of discretion with respect to the disposition of the family automobiles as claimed by the husband.
In one respect, however, on the particular record before us, we find there was an abuse of discretion. The husband was required to convey his interest in the family home to the wife. The disposition below, viewed as a whole, creates an extremely difficult cash flow problem for the husband in the short run. One factor contributing to that situation is that the wife has until September 1, 1981 to pay the husband without interest for his share of the property division arising from the equity in the house. It appears that the wife has immediate funds, given to her by her mother, for just this purpose. If the payment were made as soon as possible, the relative harm to the wife from the loss of interest would be far outweighed by the stability produced in eliminating certain monetary dependence and derivative contact between the spouses and in reducing the husband’s short term periodic expenses. Thus the decree should be modified to achieve this result.
Turning to alimony under 13 Del.C. § 1512, the Family Court similarly has wide discretion in determining the appropriateness, amount and duration of an award. While explicit findings under 13. Del.C. § 1512(a)[2] would have been preferable, we think such findings are clearly implied in the Trial Court’s decisions. We find no clear error in the Trial Court’s factual findings and no abuse of discretion in the total award.
*967 The final decree was granted on May 10,1979 and the disposition as to ancillary matters was made on August 27, 1979. It is also contended by the husband that the time frame is contrary to the two year limitation in the statute, 13 Del.C. § 1518(h).[3] The order on ancillary matters directed that the husband “shall pay as alimony, $4800.00 to be paid in monthly installments at the rate of $200.00 for two years.” While the phrase “immediately following the divorce”, as it appears in § 1518(h), may perhaps be open to the construction of “immediately following all aspects of the divorce litigation”, we do not have to reach that issue. We see no reason in this case why the gross award, $4800.00, which is clearly the paramount judgment exercised below and which is clearly reasonable in amount, should not be paid immediately given the $8000.00 property allowance now immediately going from the wife to the husband. The offset would minimize the wife’s loss of interest on the property allowance.[4]
With regard to the Family Court’s award of attorney’s fees in the amount of $1760.75 divided in monthly payments for one year, a procedural problem exists under the case law. In the recent case of Husband B. W. D. v. Wife B. A. D., Del.Supr., 405 A.2d 123, 125 (1979), the Court reiterated “that the requirement of disclosure by the attorney announced in Husband S. v. Wife S. [Del.Supr., 294 A.2d 89, 93 (1972)] remains relevant under the current statute.” The disclosure requirement under Husband S. v. Wife S. includes “the requirement of an affidavit of the wife’s counsel as to what fees and expenses, if any, have been received or will be received from any other source.” As in Husband B. W. D., it is undisputed that such requirement has not been met so the attorney’s fee award must be reversed and the case remanded for further proceedings. We do not thereby suggest that an award is improper or the amount previously awarded was without the bounds of reasonable discretion. There was simply not a proper record under the case law and therefore it is necessary to remand the case so the Family Court can make a new judgment on an appropriate record. In light of the above comments, immediate payment of the attorney’s fee might be appropriately considered.
“In order to assist a party to achieve independent financial status, the Court may award temporary alimony, or continue an award of interim alimony, for a period of time immediately following the divorce, but not to exceed 2 consecutive years if the marriage existed less than 20 years on the date of the commencement of the action, pursuant to the requirements and on the conditions specified in § 1512 of this title, except that the party seeking temporary alimony may be a petitioner or a respondent, and if a respondent, without regard to the characterization of the marriage under § 1512(a) of this title. Nothing herein shall limit allowance of alimony under § 1512 of this title.”
Insofar as the judgment below granted attorney’s fees, it is reversed and the case remanded for further proceedings consistent herewith. Insofar as the judgment below provided for a dollar allowance from wife to husband for his share of the equity in the home and insofar as the judgment below granted alimony from husband to wife, it is modified to provide for prompt payments of both items under the Family Court’s direction.

. Counsel for the appellant on appeal did not represent him in the court below.

. 13 Del.C. § 1512(a) reads as follows:
“(a) The Court may grant an alimony order for respondent if the petition for divorce avers that the marriage is irretrievably broken because of incompatibility or mental illness and respondent, or someone on his or her behalf, shall aver in an affidavit filed in the action and prove by a preponderance of the evidence that respondent:
“(1) Is dependent upon petitioner for support but petitioner is not contractually or otherwise obligated to support respondent after the entry of a divorce decree;
“(2) Lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and
“(3) Is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.”

. 13 Del.C. § 1518(h) reads as follows:

. We have considered certain “contingency” qualifications which conceivably might give some tax benefit to the husband, but we find them too speculative to outweigh the benefits of immediate finality.