HUSBAND F., Defendant, Appellant,
Cross-Appellee,

v.

WIFE F., Plaintiff, Appellee,
Cross-Appellant.

Supreme Court of Delaware.

Submitted Feb. 24, 1981.

Decided May 1, 1981.

Submitted on Motion for Reargument
and/or Revision of Opinion
May 29, 1981.

Modified June 12, 1981.

Ben T. Castle and Craig A. Karsnitz (argued), of Young, Conaway, Stargatt & Taylor, Wilmington, for husband.

C. Waggaman Berl, Jr. (argued), Wilmington, for wife.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this divorce case, the husband appeals from an order of the Superior Court awarding attorney fees to his wife and supplementing her share of the marital property division. The husband also contests the award to the wife of expert witness fees, costs and interest on the supplemental property award.

## I

This case was first before us in 1976. At that time, we reversed the judgment of the Superior Court and remanded the case with directions to consider the sale price, as well as the book value, of the husband's retail liquor store in the division of marital property and to state the factors considered by the Court in granting or denying the wife's application for counsel and witness fees under 13 *Del.C.* § 1526. *Wife F. v. Husband F.*, Del.Supr., 358 A.2d 714 (1976). On remand, the Trial Judge supplemented the wife's property award by $35,000. and awarded her $10,725. in counsel fees but did not rule on her request for witness fees, costs and interest. Both parties then appealed from that decision.

By prior order in this appeal, we affirmed the supplemental property division award and remanded to the Superior Court with instructions to enlarge the record regarding the factors considered in awarding counsel fees and to explain the relationship, if any, between that award and amounts already paid by the wife under a pre-existing contingency fee arrangement with her attorney. We also requested the Court to address the wife's prayer for expert witness fees, court costs and interest on the supplemental property award. We reserved jurisdiction to consider the then undecided issues.

The Trial Judge has now enlarged and completed the record and has determined that: (1) the amount of reasonable attorney's fees for the entire litigation of this case, including services rendered since the initial award of $10,725., is $14,975.; (2) since payment of attorney's fees by the husband is a statutory obligation, the award is unaffected by any contingency fee arrangement between the wife and her attorney; and (3) the wife is entitled to expert witness fees of $1,375. and interest on the $35,000. supplemental property award from July 2, 1974, the date of the original award.

## II

For present purposes, the most significant issue submitted for decision concerns the award of counsel fees. The pertinent Statute, 13 *Del.C.* § 1526, provides as follows:

"The Court may grant alimony to the wife for her sustenance pending her petition for divorce, and order and direct the husband to pay such sum as is deemed necessary to defray the expenses in conducting her case, whether the application is on the part of either the wife or husband, and shall protect her from personal

restraint. The Court, in the execution of the powers conferred by this chapter, may employ such compulsory process as it deems proper."

The purpose of § 1526 is to equalize the positions of husband and wife in domestic relations cases and to provide a wife with the financial means of prosecuting or defending a divorce action. *Gilbert v. Gilbert*, Del.Supr., 185 A.2d 73 (1962). Whether a wife's financial situation establishes a need for and therefore a right to suit money under § 1526 is to be determined at the outset of the case, and is committed to the sound discretion of the Trial Judge. *Husband S. v. Wife S.*, Del.Supr., 294 A.2d 89 (1972).

■ At the beginning of this case, the Trial Judge found the requisite necessity and determined that the wife had a right to attorney fees under § 1526. Following the second remand ordered in January of this year, the Trial Judge awarded the wife $14,975. for counsel fees, finding that amount to be a reasonable sum for the entire litigation. The record now indicates that the Court considered all the circumstances, including pertinent affidavits from the wife's attorney, in awarding that fee. Upon review thereof, we find no abuse of discretion in the award, *Husband S. v. Wife S.*, supra, and, accordingly, we affirm it.

### III

■ We also review two other aspects of the counsel fee issue, apart from the amount allowed. The first is the contingent fee arrangement between the wife and her attorney. Because payment of attorney fees became the husband's statutory obligation at the threshold of the case, and because the Superior Court independently determined the amount of a reasonable fee, we need not directly consider the propriety of a contingent fee contract in family law matters. However, we do note that other jurisdictions have generally held the practice to be against public policy. 7 *Am. Jur.2d* Attorneys at Law § 257. Furthermore, in light of the provision of 13 *Del.C.* § 1526, which assures a necessitous wife suit

money, contingent fee arrangements appear to be unnecessary in Delaware from either the wife's or her attorney's viewpoint.

■ Second, the record shows that the wife's attorney has already been paid a fee of $15,000. by the wife out of her original share of the property division. Since the Superior Court determined that $14,975. is a reasonable fee for the services he provided, it follows that when the husband pays that amount to the wife, that will be a reimbursement to her and she will have no further fee obligation to her attorney.

We are troubled, however, by the fact that the wife's attorney did not disclose to the Court the existence of the contingent fee contract nor payment of the $15,000. fee when the case was first here on appeal. In *Maurer v. International Re-Insurance Corp.*, Del.Supr., 95 A.2d 827, 832–33 (1953), this Court said that

> "when a party or his counsel applies . . . for an allowance of counsel fees from a fund, it is . . . the imperative duty of the applicant to disclose fully to the court all facts necessary to enable the court to determine the total amount of compensation that counsel will receive; and it is equally the duty of the court to require such disclosure."

The full disclosure required by *Maurer* must include any contingent or other fee arrangement with the client and a statement of all amounts already paid to the attorney. That rule was announced in a different context but the purpose behind it, to avoid the duplication of fees to one attorney, is equally applicable here.

■ We hold that the initial petition for fees and/or affidavits filed with respect thereto must make such full disclosure of any contingent fee arrangement and the facts as to any prior payment, see *Husband S. v. Wife S.*, supra at 93, and that, hereafter, in all domestic relations cases involving the application of 13 *Del.C.* § 1526, such disclosure is mandatory, to enable the Trial Judge to exercise his discretion upon all of the pertinent facts. See *G.W.M. v. I.M.*, Del.Supr., 418 A.2d 965 (1980); *Husband*

*B.W.D. v. Wife B.A.D.*, Del.Supr., 405 A.2d 123 (1979).

## IV

 Lastly, as to the issues involving expert witness fees under § 1526 and interest on the $35,000. supplemental property award, we find no abuse of discretion in the Trial Judge's award to the wife of $1,375. for such fees and interest on the award from the date of the original division of marital property.

Affirmed.

### UPON MOTION FOR REARGUMENT

The wife's attorney has filed a motion for reargument in which he describes the informal circumstances under which the fee application was first presented to the Superior Court and in which he makes some contentions as to the impact of our ruling on the availability of counsel to an impecunious spouse.

In this case, the Trial Judge determined the value of *all* services which the wife's attorney had provided. Given that independent evaluation by the Superior Court, it is difficult to understand how that Court or this Court could approve a result which would authorize the attorney (on the basis of a contingent fee contract and assuming that such an agreement is not prohibited by public policy) to receive more than the authorized amount. The ruling by the Trial Judge fixing total compensation for services is to be contrasted with a situation in which the Court is requested to determine the amount which an opposing spouse must pay or contribute, under § 1526, toward total counsel fees. Nothing said herein prohibits an attorney from charging a client

more than the sum to be paid pursuant to a § 1526 order; the total amount of any such charge is, of course, subject to the usual standards governing fees. This case is distinguishable from that situation because of the public policy implication of the contingent fee agreement and the nature of the Trial Judge's ruling.*

The opinion has been modified to accommodate certain arguments made in the motion and, with the exception of such changes, the motion is denied.

---

* The Trial Judge's opinion states:

> "To aid the Supreme Court in making a final disposition of the issues before that Court, in the event that the Supreme Court should determine that husband should pay for *all* of the legal services rendered by wife's attorney from commencement of the trial up to the present time, this Court considers the affidavit which has been filed by wife's counsel for services rendered since the former affidavit. This refers to counsel having spent

additional 26 hours. The combined hours shown in both affidavits is 191 hours. I conclude that a fee of $75 per hour is reasonable compensation for the services rendered up to the filing of the first fee application affidavit and a rate of $100 per hour is appropriate for services rendered thereafter. Applying the above hours, *total fee for the entire litigation would be $14,975.*" (Emphasis added.)