Timothy D. CASSIDY,* Respondent Below, Appellant,

v.

**Lillian Bell CASSIDY, Petitioner Below, Appellee.**

No. 51, 1996.

Supreme Court of Delaware.

Submitted: Nov. 6, 1996.
Decided: Jan. 17, 1997.

* Pursuant to Supreme Court Rule 7(d), this Court has adopted pseudonyms for the parties.

Michael C. Heyden, Wilmington, for Appellant.

Shawn Dougherty of Berkowitz, Schagrin, Coonin, Cooper & Dougherty, P.A., Wilmington, for Appellee.

Christine M. McDermott and Dana Harrington of Delaware Volunteer Legal Services, Wilmington, Amicus Curiae.

Before VEASEY, C.J., WALSH, and HOLLAND, JJ.

VEASEY, Chief Justice:

This is an appeal from a final judgment of the Family Court. Husband contends that the Family Court erred, as a matter of law, in granting his wife's petition for an extension of an order of protection from abuse ("PFA"). He argues that the grant of authority to Family Court Commissioners to hear and decide cases constitutes an improper delegation of the judicial function, and that a Family Court Judge committed reversible error by reviewing a Commissioner's ruling on the record. In addition, he argues that the PFA statute is both unconstitutionally vague and violative of substantive due process. In the exercise of our discretion, we decline to review these issues as untimely.

### Facts

Respondent below-appellant, Timothy D. Cassidy ("Husband"), and petitioner below-appellee, Lillian Bell Cassidy ("Wife"), were married for fifteen years. They are the parents of two children.

One night in 1994, the parties had an argument which escalated into physical violence. Husband was arrested and pleaded guilty to Offensive Touching in violation of 11 *Del.C.* § 611. Subsequently, Wife petitioned the Family Court for a PFA Order seeking: (1) removal of Husband from the marital household; (2) sole custody of the couple's two minor children; (3) exclusive use and possession of the couple's house and vehicle; (4) a no-contact order against Husband; and (5) child and "other" support. Following a hearing held on November 18, 1994, a Commissioner of the Family Court entered a PFA Order for a period of one year embodying the terms requested by Wife and ordering Husband to pay child support in the amount of $91 per month and "other" support in the amount of $1250 per month.

Pursuant to Family Court Rule 53.1, Husband requested *de novo* review of the Commissioner's Order. By decision dated December 28, 1994, a Family Court Judge, without conducting a new hearing, affirmed the Commissioner's Order on the basis of the record. Husband did not appeal the Judge's decision.

Over the period during which the PFA Order was in effect, Husband continued to have contact with Wife. Wife contends that this contact was unprovoked and of a harassing nature. Husband asserts that Wife initi-

ated contact with Husband by seeking his assistance in supervising the couple's children. Husband claims that he and Wife had established an informal visitation schedule and that he was allowed full access to the marital household, although he did not resume residence there.

On September 29, 1995, Wife petitioned the Family Court for a six-month extension to the existing PFA Order. After a hearing on the merits of the petition, a Family Court Commissioner determined that the terms of the Order had been violated and granted an extension on the same terms as the original PFA Order. Husband again requested *de novo* review of the Commissioner's Order on the grounds that: (1) the PFA statute as written is unconstitutional as violative of Husband's due process rights; (2) the extension of the original PFA Order constitutes double jeopardy; (3) Husband's punishment was excessive; (4) there was no evidence to support the finding that the PFA Order should be extended; (5) the Order exceeds the relief requested; and (6) there was insufficient evidence to support a finding that Husband should pay $1250 in support to Wife. By decision dated January 10, 1996, a Family Court Judge, without conducting a new hearing, concluded that Husband's contentions were without merit and affirmed the decision of the Commissioner. From this decision, Husband appeals.

### Analysis

On appeal to this Court, Husband raises four issues: (1) that the delegation of authority to Commissioners to hear and decide cases under the PFA statute is an improper delegation of judicial authority; (2) that it was error by the Family Court to review the case on the record and not to hold a *de novo* hearing; (3) that the PFA statute is unconstitutionally vague in that it does not define the requirements of an extension; and (4) that the PFA statute violates substantive due process in that it improperly infringes on a fundamental right. Husband makes no claim

on appeal that the substantive findings of the Family Court were erroneous. Rather, he claims that the PFA Order never should have issued because it was legally barred.

### Supreme Court Rule Eight

■ An examination of the record reveals that the first three of these claims were not fairly presented to the trial court. Until Husband's Opening Brief to this Court, at no time did he assert that it was incorrect for a Family Court Commissioner to hear and decide a case under the PFA statute. In fact, a Family Court Commissioner heard and decided Wife's original petition for a PFA Order. Nor prior to his appeal before this Court did Husband assert that he was prejudiced in any way by a Family Court Judge's *de novo* review on the record of a Commissioner's decision to extend the PFA Order. When Husband requested *de novo* review of the original PFA Order, a Family Court Judge affirmed on the basis of the record, without conducting a new hearing. Yet Husband did not appeal the Judge's decision to this Court on this issue or any other. Finally, Husband failed to present to the Family Court the issue of whether the PFA statute is unconstitutionally vague for failing to define requirements for an extension of a PFA Order.

■ In general, this Court declines to review issues that were not fairly presented to the trial court. The doctrine of plain error provides, however, that "when the interests of justice so require, the Court may consider and determine any question not so presented."[1] Plain errors are "limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[2] Plain errors "must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[3]

As to Husband's first three claims, we find no compelling interest of justice that man-

**1.** Supr.Ct.R. 8.

**2.** *Wainwright v. State*, Del.Supr., 504 A.2d 1096, 1100 (1986).

**3.** *Id.*

dates an exception to the waiver doctrine embodied in Supreme Court Rule 8.

### Res Judicata

 The fourth issue which Husband raises on appeal before this Court is a due process claim, which Husband raised for the first time on *de novo* review of the extension of the PFA Order. Husband failed to challenge the constitutionality of the PFA statute in his first appeal from the original PFA Order. Husband's claim is barred by the doctrine of *res judicata,* a doctrine precluding relitigation of claims and subsequent suits on the same cause of action. The procedural "bar of res judicata extends to all issues which might have been raised and decided in the first suit as well as to all issues that actually were decided." [4]

In this case, the PFA Order was a final judgment for *res judicata* purposes because the Family Court's initial determination that the alleged domestic violence had occurred was not subject to later modification.[5] While Husband exercised his right to *de novo* review by a Judge of the Family Court following the issuance of the original PFA Order, the record reflects that Husband did not appeal the Judge's decision. This Court's appellate jurisdiction extended to the Judge's decision.[6] Thus, Husband is precluded from raising on this appeal all issues which might have been raised and decided in his first appeal.

### Conclusion

In sum, Husband raises four issues on appeal, three of which were not fairly presented to the court below and thus cannot be considered on appeal, absent plain error. There was no plain error. Husband's fourth

---

4. *Foltz v. Pullman, Inc.,* Del.Super., 319 A.2d 38, 40 (1974).

5. *Cf. Division of Child Support Enforcement ex rel. Blake v. Myrks,* Del.Supr., 606 A.2d 748, 752 (1992) (regarding initial determination of paternity).

6. *Redden v. McGill,* Del.Supr., 549 A.2d 695, 697 (1988).

7. The issues which Husband raises on appeal come too late, especially in view of the fact that Michael C. Heyden, Esquire, has been Husband's

---

issue is barred by the doctrine of *res judicata.* Therefore, the judgment of the Superior Court is **AFFIRMED.**[7]

---

counsel of record since Husband's motion for *de novo* review before a Family Court Judge following the issuance of the original PFA Order. The first, second, and fourth issues which Husband raised in this appeal should have been presented to the Family Court in that motion. *Cf. G.W.M. v. I.M.,* Del.Supr., 418 A.2d 965, 966 (1980) (declining to review husband's claim, raised for the first time on appeal, which was contrary to a stipulation made at trial, even where counsel on appeal did not represent husband at trial).