IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALEX RYLE, | § | |
| | § | No. 566, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No.   1404000692 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:   September 14, 2016
Decided:      October 11, 2016

Before **HOLLAND**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 11th day of October, 2016, upon consideration of the parties' briefs and the record below, and following oral argument, it appears to the Court that:

(1)   A Superior Court jury convicted Alex Ryle of multiple weapons offenses.  After his conviction, the Superior Court granted the State's motion to declare Ryle an habitual offender, and sentenced him to a total of twenty three years at Level V, followed by decreasing levels of supervision.  Ryle raises two issues on appeal.  First, he claims that the Superior Court Commissioner lacked the authority to grant Ryle's request to represent himself at trial.  Ryle also argues that, despite having a colloquy with the Commissioner about the risks of proceeding to trial without counsel, he did not knowingly and voluntarily waive his right to

counsel. After careful consideration of Ryle's arguments on appeal, we find them to be without merit. Under the Superior Court rules, the Commissioner had the authority to conduct non case-dispositive hearings and thus could hear and then grant Ryle's request to proceed to trial without counsel. Further, after an independent review of the record, we find that the Commissioner adequately reviewed with Ryle the risks of proceeding on his own, and are satisfied that his waiver of the right to counsel was knowing and voluntary. We therefore affirm the judgment of the Superior Court.

(2) On April 12, 2014, police arrested Ryle for evading probation authorities. When the police searched Ryle incident to his arrest, they found a handgun loaded with nine rounds of ammunition. At the time of his arrest, Ryle was a person prohibited from possessing a gun because of prior convictions. A grand jury indicted him on multiple weapons charges.[1] Ryle was appointed counsel, but strongly disagreed with counsel's legal strategy. Counsel moved to withdraw on October 16, 2014. On October 27, 2014, the Commissioner held a hearing on counsel's motion to withdraw, and addressed Ryle's desire to waive counsel and represent himself.

(3) At the hearing, the Commissioner asked Ryle multiple times whether he wanted to proceed with new counsel. She informed him of the charges against

---

[1] The State also charged Ryle with a drug possession offense, but dismissed the charge before trial.

him and explained the potential penalties he was facing. The Commissioner asked about his level of education and advised him that it was unwise to proceed without formal legal training. Further, she explained that the trial court would not help him with the rules of evidence, courtroom procedure, or any of the "chores" that a trained lawyer would normally do.[2] She also explained that the court could, but did not have to, appoint a standby lawyer, and that the court would not grant Ryle any additional time to prepare for trial. During the colloquy, Ryle reviewed and signed a waiver of counsel form. The Commissioner then granted counsel's motion to withdraw and authorized Ryle to proceed *pro se*.

(4) On December 22, 2014, Ryle was reindicted. At his arraignment, the Commissioner immediately asked if she could "talk [Ryle] into counsel."[3] Ryle again declined. The Commissioner asked if Ryle still wanted to represent himself, he replied "absolutely." Later, she asked, "Are you sure you don't want counsel?" Ryle replied, "No. We settled that on October 27th, 2014, in front of you. I'm okay."[4] Ryle signed another waiver of counsel form during the arraignment.

(5) Ryle represented himself at trial without standby counsel. On February 11, 2015, a Superior Court jury convicted him of possession of a firearm by a person prohibited, possession of ammunition by a person prohibited, and carrying a concealed deadly weapon. The State then moved to sentence Ryle as an

---

[2] App. to Opening Br. at 37.
[3] *Id*. at 48.
[4] *Id*. at 55.

habitual offender.  Ryle asked for a new trial, alleging that the Superior Court should have appointed him standby counsel. He also asked for assistance of counsel at sentencing.  The Superior Court denied his motion for a new trial, and appointed Ryle's original attorney to serve as counsel during sentencing.  On October 8, 2015, the Superior Court granted the State's motion to declare Ryle an habitual offender and sentenced him to a total of twenty three years of level V incarceration, followed by decreasing levels of supervision.  This appeal followed.

(6)    Ryle argues that the Superior Court Commissioner did not have jurisdiction to hear his request to waive his right to counsel and represent himself. According to Ryle, the Superior Court Commissioner's authority derives from 10 *Del. C.* § 512 (Jurisdiction and powers of Commissioners of the Superior Court); Superior Court Criminal Rule 62 (Commissioners); and Administrative Directive 2007-5 (Commissioners).  Ryle claims that none of these sources of jurisdiction specifically authorize the Commissioner to hear Ryle's request to discharge counsel and represent himself.  Instead, he argues that the authority appears to be reserved to the Office Judge, who, under the Superior Court Criminal Case Management Plan for New Castle County, addresses "[r]eview of *pro se* applications where the applicant has not been sentenced."[5]

---

[5] *Id*. at 21-23.

(7)     Because Ryle did not raise the issue with the Superior Court, we would ordinarily apply a plain error standard of review.[6]  But Ryle couches his argument as a challenge to subject matter jurisdiction, which can be raised at any time during the proceedings.  Thus, we review his challenge to the Commissioner's subject matter jurisdiction *de novo*.[7]

(8)     The statute in question, 10 *Del. C.* § 512, covers the jurisdiction and powers of Commissioners of the Superior Court.  Only the provisions relevant to this appeal will be discussed.  First, under § 512 (a)(1), a Commissioner has "[a]ll powers and duties conferred or imposed upon Commissioners by law or by the Rules of Criminal and Civil Procedure for the Superior Court."  Second, with the approval of the President Judge or her designee, the President Judge or a designee can "designate" a Commissioner "to hear and determine any pretrial matter pending before the Court," and "to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations for the disposition" to the Superior Court judge.[8]  In other words, a Superior Court Commissioner has the jurisdiction conferred by statute, the Superior Court Rules,

---

[6] *Cassidy v. Cassidy*, 689 A.2d 1182, 1184 (Del. 1997) (claims not raised in the trial court are reviewed only in the interests of justice under Supreme Court Rule 8 and for plain error).
[7] *Gunn v. McKenna*, 116 A.3d 419, 420-21 (Del. 2015) (questions directed at subject matter jurisdiction can be raised for the first time on appeal).
[8] 10 *Del. C.* § 512(b)(1).  The statute sets forth exceptions to the Commissioner's authority, which are not relevant here.  *Id*. at § 512(b)(1)a.

5

and by "designation" by the President Judge or her designee to preside over certain pretrial matters.

(9) Ryle argues that a Superior Court judge did not "designate" the Commissioner to hear his request to represent himself, and therefore the Commissioner did not have jurisdiction to decide the issue. But Ryle ignores the most obvious grant of jurisdiction by the Superior Court Criminal Rules to hear Ryle's request. Under Rule 62 governing Commissioners, the Commissioner has authority to decide "[n]on case-dispositive matters" which are defined as "non case-dispositive hearings, including non case-dispositive evidentiary hearings" and "any pretrial or other non case-dispositive matter pending before the Court."[9] Ryle's request to discharge his counsel and represent himself is a "non case-dispositive matter pending before the Court" and is therefore not subject to any of the Rule's exceptions. Thus, the Superior Court had subject matter jurisdiction to rule on Ryle's request to represent himself.[10]

(10) Ryle also argues that he did not knowingly and voluntarily waive his right to counsel under the Sixth Amendment to the United States Constitution. According to Ryle, the Commissioner did not adequately cover the risks of going

---

[9] Super. Ct. Crim. R. 62(a)(4).

[10] Ryle also claims that the Superior Court's order was defective because the Commissioner did not send a copy of the order to the Defendant as required by Rule 62(a)(4)(ii). Although notice was not sent to Ryle, he suffered no prejudice. The court granted his request to represent himself, meaning Ryle would not have challenged the ruling. The only conceivable prejudice would have been to the State, who has not objected to the Commissioner's order.

to trial without counsel and did not touch upon all the factors set forth in *Briscoe v. State*.[11] He also claims that the Commissioner did not make a specific finding that Ryle's waiver was knowing and voluntary. We review Ryle's claim *de novo*, recognizing that the validity of the waiver "depends upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the defendant."[12]

(11) In *Briscoe*, this Court followed the guidelines suggested by the United States Court of Appeals for the Third Circuit in *United States v. Welty*[13] to assist the trial courts in determining whether a defendant's waiver of his Sixth Amendment right to counsel was knowing, intelligent, and voluntary.[14] Although it is preferable for the judicial officer to review each of the *Briscoe* factors with the defendant, there is no requirement that they be followed in the same order using the same language.[15] Rather, the record must show that the court conducted a

---

[11] 606 A.2d 103 (Del. 1992).

[12] *Id*. at 107.

[13] 674 F.2d 185 (3d Cir. 1982).

[14] The *Briscoe* factors are:
> (1) defendant will have to conduct his defense in accordance with the rules of evidence and criminal procedure, rules with which he may not be familiar; (2) that the defendant may be hampered in presenting his best defense by his lack of knowledge of the law; (3) that the effectiveness of his defense may well be diminished by his dual role as attorney and accused; (4) the nature of the charges; (5) the statutory offenses included within them; (6) the range of allowable punishments thereunder; (7) possible defenses to the charges and circumstances in mitigation thereof; and (8) all other facts essential to a broad understanding of the whole matter. *Briscoe*, 606 A.2d at 108.

[15] *Drummond v. State*, 15 A.3d 216, 2011 WL 761522, at *2 (Del. March 3, 2011) (TABLE).

"searching inquiry" that thoroughly advised the defendant of the risks associated with self representation.[16]

(12) Our independent review of Ryle's colloquy with the Commissioner leads us to conclude that Ryle's waiver was knowing and voluntary. During the hearing, the Commissioner explained Ryle's charges to him and the potential penalties he was facing. She stressed how unwise it was to proceed without formal legal training. She told Ryle that the trial judge would not help him with the rules of evidence or courtroom procedure, and that the court would not give Ryle extra time to prepare for trial. During the colloquy, Ryle signed a waiver of counsel form which recited the *Briscoe* factors. Further, at his reindictment arraignment, the Commissioner again tried to persuade Ryle to invoke his right to counsel. He repeatedly acknowledged the hazards of self representation, refused counsel, and signed another waiver.[17] Thus, Ryle knowingly and voluntarily waived counsel.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[16] *Smith v. State*, 996 A.2d 786, 790-97 (Del. 2010).

[17] Ryle also argues that the court was required to review anew the *Briscoe* factors with him upon his reindictment. We explained in *Stigars v. State*, 674 A.2d 477, 480 (Del. 1996), however, that the right to self-representation continues unabated through the proceedings unless revisited by the defendant or the trial judge.