IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SABREE ENVIRONMENTAL & CONSTRUCTION, INC., | § § § | No. 21, 2016 |
| Defendant-Below, Appellant, | § § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No. N14C-10-283 |
| SUMMIT DREDGING, LLC, | § § | |
| Plaintiff-Below, Appellee. | § § § | |

Submitted: September 28, 2016
Decided: October 12, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 12th day of October 2016, after careful consideration of the parties' briefs and the record on appeal, we find it evident that the December 16, 2015 judgment of the Superior Court should be affirmed. Sabree Environmental & Construction, Inc., now known as Sabree, Inc., has appealed from a Superior Court order finding that the court had personal jurisdiction over Sabree. The Superior Court also denied Sabree's motion to vacate a default judgment entered by the Prothonotary against Sabree. In the Superior Court, Sabree focused its argument on the lack of personal jurisdiction over Sabree in the hope of getting out from under the default judgment. On appeal, Sabree raises a number of grounds for

reversal: (1) it was plain error for the Prothonotary to enter a default judgment against it because the amount in controversy was not a sum certain; (2) because it had informally appeared under Rule 55(b), the Superior Court erred in refusing to open the default judgment; (3) the Superior Court made procedural errors when it determined it had personal jurisdiction over Sabree; and (4) its failure to file a responsive pleading or motion was excusable neglect. The problem is, none of Sabree's arguments on appeal were fairly presented to the Superior Court in its Motion under Superior Court Civil Rule 60(b). The excusable neglect argument was raised in a footnote in Sabree's motion, but standalone arguments in footnotes are usually not considered fairly raised in any court. Further, Sabree did not pursue its excusable neglect claim at oral argument on its Rule 60(b) motion, instead opting to focus on the alleged lack of personal jurisdiction. Although Sabree urges us to review the newly-raised issues on appeal under a plain error standard, we apply the exceptions to Supreme Court Rule 8 parsimoniously, and only where a trial court's failure to confront an issue "is basic, serious and fundamental" in character and clearly results in "manifest injustice."[1] Sabree has not met this rigorous standard.

---

[1] *Cassidy v. Cassidy*, 689 A.2d 1182, 1184 (Del. 1997) (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)).

NOW, THEREFORE, IT IS ORDERED that the final judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice