IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN J. LONGFELLOW, | § | |
| | § | No. 352, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1102013113 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 29, 2016
Decided: December 21, 2016

Before **VALIHURA**, **VAUGHN**, **and SEITZ**, Justices.

### O R D E R

This 21st day of December 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears it appears to the Court that:

(1) The appellant, John J. Longfellow, filed this appeal from his conviction and sentence on his third violation of probation (VOP). The appellee, State of Delaware, has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of Longfellow's opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Del. Supr. Ct. R. 25(a).

(2)     On May 25, 2011, Longfellow pled guilty to Rape in the Third Degree and was sentenced, as a Tier 3 Sex Offender, to eight years of Level V incarceration suspended after four years for two years of Level III probation. In 2014, the Superior Court modified the sentence to add the condition that Longfellow was to have "no contact with any minor under the age of eighteen years."

(3)     On February 20, 2015 and again on April 24, 2015, Longfellow was convicted of VOP and resentenced. On the second VOP conviction, the Superior Court sentenced Longfellow to four years of Level V incarceration suspended after one year for eighteen months of Level III probation.

(4)     Longfellow was released from Level V incarceration on March 21, 2016. Approximately two months later, on May 25, 2016, Longfellow's probation officer filed an administrative warrant alleging that Longfellow was having contact with a minor child. Following Longfellow's arrest, the Superior Court, on May 26, set a cash bail of $9,000.00 and scheduled a VOP hearing for June 10, 2016.

(5)     At a contested VOP hearing on June 15, 2016, Longfellow was found guilty of VOP and was resentenced to three years of Level V incarceration suspended after eighteen months, followed by two years of Level III probation. This appeal followed.

2

(6)     On appeal, Longfellow asked the Superior Court to prepare a transcript of the June 15 VOP hearing at State expense.  In response to the request, the Prothonotary sent Longfellow a notice explaining that he must submit "an Application to proceed *In Forma Pauperis*, with certified inmate account statement attached, and a Motion for Transcript detailing the particularized need for same." It does not appear that Longfellow submitted the required application and motion to the Superior Court.  Consequently, the transcript was not prepared for the appeal.

(7)     On appeal, Longfellow claims that his due process rights were violated because he "received no bail hearing or no preliminary hearing."  The claim is not supported by the record, which reflects that the Superior Court set Longfellow's bail on May 26, 2016.

(8)     Longfellow next claims that his due process rights were violated because he did not receive written notice of the alleged VOP or disclosure of the evidence against him.  Without a transcript of the June 15 VOP hearing, the Court has no idea if Longfellow raised the claim in the Superior Court.  A claim not raised in the trial court is reviewed only in the interests of justice and for plain error.[2]  Under the plain error standard, "the error complained of must be so clearly

---

[2] Del. Supr. Ct. R. 8.  *Cassidy v. Cassidy*, 689 A.2d 1182, 1184 (Del. 1997) (claims not raised in the trial court are reviewed only in the interests of justice under Supreme Court Rule 8 and for plain error).

prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[3]

(9) In this case, Longfellow does not contend that he did not have actual notice of the alleged VOP or that his counsel was unprepared to address the alleged VOP at the June 15 hearing. Also, Longfellow does not contend that he was not in the presence of a minor child on May 25, 2016. Under these circumstances, Longfellow has not demonstrated that he was prejudiced as a result of the alleged lack of written notice of the VOP or the alleged lack of disclosure of the evidence against him.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] *Trago v. State,* 2015 WL 3885889, at *2 (Del. June 22, 2015) (quoting *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986)).

[4] *Mitchell v. State*, 2015 WL 1306914 (Mar. 23, 2015) (citing *Jenkins v. State*, 8 A.3d 1147, 1153-54 (Del. 2010) (holding that defendant having actual notice of alleged violation of probation could not complain that he did not receive written notice); *Knight v. State*, 2006 WL 1805865 (Del. June 28, 2006) (concluding that due process claim for lack of written notice was without merit in the absence of any indication that the probationer or his counsel was unaware of or unprepared to address the alleged violation of probation).