IN THE SUPREME COURT OF THE STATE OF DELAWARE

PATRICIA KOSTYSHYN, §
§ No. 135, 2019
    Defendant Below, §
    Appellant, §
§ Court Below – Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, §
§ Cr. ID No. 1805013096 (N)
    Plaintiff Below, §
    Appellee. §

Submitted: October 30, 2019
Decided: November 13, 2019

Before **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

On this 13th day of November, 2019, the Court having considered the briefs and the record below, it appears to the Court that:

(1) A Superior Court jury convicted Patricia Kostyshyn of criminal mischief for intentionally stuffing a rag into a bathtub causing it to overflow into the two units below her unit. On appeal, Kostyshyn argues for the first time on appeal that the Superior Court erred by allowing the investigating officer to testify that Kostyshyn intentionally caused the damage. According to Kostyshyn, the testimony invaded the province of the jury to determine intent from the same evidence. We find, however, that any error in admitting the Officer's lay opinion was at most harmless error. Thus, we affirm.

(2)    In 2003, Patricia Kostyshyn and her two brothers purchased a third floor unit in the Governor House Condominium, where Kostyshyn resided. Kostyshyn's unit was directly above two other units. In 2015, the Condominium Association filed suit against the Kostyshyns because they failed to record the deed to their unit and had not paid association dues for over ten years. The judgment eventually entered against the Kostyshyns exceeded $100,000 in unpaid dues, attorney's fees, costs, and prejudgment interest.

(3)    On April 17, 2018, a resident in the lower unit called the property manager, Andy Lorah, to report water running into her unit from above. Lorah investigated and discovered that the source of the water was Kostyshyn's bathtub, where a rag was stuck in its drain. Lorah took photos of the tub and the rag, removed the rag, and shut off the water. He filed a criminal complaint with the police. The next day, New Castle County Police Officer Matthew Hamory responded to investigate. He reviewed the security surveillance videos and Lorah's photos of Kostyshyn's bathtub. He also interviewed other building residents. After his investigation, he arrested Kostyshyn for criminal mischief.

(4)    At trial, Officer Hamory testified that he "concluded that Patricia Kostyshyn, the defendant, responded to the apartment on that day and put the – intentionally put that rag in the drain, turning the water on and leaving a short while

2

later, resulting in flooding to her unit and the two units below her."[1]  A jury convicted Kostyshyn of felony criminal mischief.  The Superior Court sentenced Kostyshyn to two years in prison, suspended for probation.  The court also ordered her to pay over $11,000 in restitution.  Kostyshyn filed this timely appeal.

(5)    Kostyshyn argues that the Superior Court erred because it allowed the responding officer to offer his opinion that Kostyshyn intentionally caused the water damage to the condominium.  According to Kostyshyn, the intent issue was critical to the case, the jury heard the same evidence relied on by the Officer, and the jury could draw its own conclusion on intent without the Officer's testimony.  Because Kostyshyn did not raise this issue at trial, this Court reviews for plain error.[2]  A plain error is "limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[3]  The error "must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[4]

(6)    We find no plain error in his appeal.  Although admission of the Officer's lay opinion was debatable under D.R.E. 701, any error was harmless.  An error is harmless when, "the evidence exclusive of the improperly admitted evidence

---

[1] App. To Opening Br. at A063.
[2] Sup. Ct. R. 8.
[3] *Cassidy v. Cassidy*, 689 A.2d 1182, 1184 (Del. 1997) (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)).
[4] *Id*.

is sufficient to sustain a conviction."[5]  The jury heard testimony from the residents who suffered water damage to their units;[6] the property manager who testified about the rag stuffed in the bathtub drain and the damage caused by bathtub overflowing, photographs he video took of the scene, and surveillance video which showed Kostyshyn coming and going from the complex at the time;[7] and the Association's attorney who testified about the lawsuit against the Kostyshyns' and the judgment entered by the court awarding $100,000 to the Condominium Association.[8]  The court also instructed the jury that they had to make their own determination of Kostyshyn's state of mind.[9]  The trial evidence was more than sufficient to find Kostyshyn acted intentionally and was guilty beyond a reasonable doubt of criminal mischief.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] Answering Br. at 12; *Cooke v. State*, 97 A.3d 513, 547 (Del. 2014) (quoting *Nelson v. State*, 628 A.2d 69, 77 (Del. 1993)) (citations omitted).
[6] App. to Opening Br. at A037-40, A040-43.
[7] *Id.* at A048-58.
[8] *Id.* at A030-36.
[9] *Id.* at A083.

4