# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VERNE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N25C-03-225 CLS, |
| | ) | C.A. No. N25C-09-010 CLS[1] |
| FELISIA MAY and JALEESA | ) | |
| MILLER-LEACH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Submitted: April 7, 2026
Decided: April 9, 2026

## MEMORANDUM OPINION

*Upon Consideration of Defendant's Motion to Dismiss Converted to Motion for Summary Judgment*, **GRANTED**.

Verne Johnson, *Pro se Plaintiff*.

Felisia May & Jaleesa Miller-Leach, *Pro se Defendants*.

**SCOTT, J.**

---

[1] C.A. No. N25C-03-225 CLS is consolidated with C.A. No. N25C-09-010. *See infra* n.2. Docket items from C.A. No. 25C-03-225 CLS are cited as "D.I. (225) __," and docket items from C.A. No. N25C-09-010 CLS are cited as "D.I. (010) __."

This matter arises from a Protection from Abuse Order ("PFA") entered by the Delaware Family Court in March 2021 against Plaintiff. Before the Court is Defendants' Motion to Dismiss[2] under Superior Court Civil Rule 12(b)(6). The Court finds it necessary to consider "matters outside the pleading[s]"[3] in resolving the Motion, therefore Defendants' Motion to Dismiss shall be treated as one for Summary Judgment under Superior Court Civil Rule 56.[4] For the following reasons, Defendants' Motion to Dismiss, converted to Summary Judgment by the Court, is **GRANTED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.      The Parties

Pro se Plaintiff, Verne Johnson ("Plaintiff"), resides in New Jersey.[5]

Pro se Defendants, Felisia May ("May") and Jaleesa Miller-Leach ("Miller") (collectively, "Defendants"), reside in Delaware.[6]

---

[2] The Court is consolidating C.A. No. N25C-03-225 and C.A. No. N25C-09-010 under Superior Court Civil Rule 42(a) because: Plaintiff intended to join Felisia May as a defendant but filed separately; the Complaints against Defendants raise similar questions of fact and law; and it tends to avoid unnecessary costs and delays. *See generally* Compl., D.I. (225) 1 ("Compl. I"); Compl., D.I. (010) 1 ("Compl. II"); *see also* Pl.'s Resp. to Def. May's Mot. to Dismiss and Mot. for a Protective Order D.I. (010) 12, ¶ 8 ("Pl.'s Resp.").
[3] Super. Ct. Civ. R. 12(b)(6).
[4] *See* Briefing Schedule, D.I. (225) 16; D.I. (010) 34 (notifying the parties that the Court shall consider the Motion to Dismiss as one for Summary Judgment given the exhibits provided by all parties).
[5] Pl.'s Case Information Statement, D.I. (010) 2.
[6] Def. May's Case Information Statement, D.I. (010) 9; Def. Miller's Case Information Statement, D.I. (225) 4.

## II.    Factual Background and Procedural Background

This case stems from a complicated and unfortunate family history among the parties.  Plaintiff and Miller are half-sisters who share a father, and May is Miller's mother with no relation to Plaintiff.

On January 12, 2021, May filed a PFA petition in Delaware Family Court against Plaintiff for directing harassing and threatening posts on social media towards May, and appearing at May's church.[7]  Family Court dismissed the petition on February 16, 2021, because it lacked jurisdiction under 10 *Del. C.* § 901(12) given that May and Plaintiff are not related within the meaning of the statute.[8]

That same day, Miller also filed a PFA petition against Plaintiff for harassing and threatening Miller and her family on social media, in addition to following Miller and her family to church.[9]  May emailed the PFA petition to Family Court "on behalf of . . . Miller."[10]

On March 25, 2021, Family Court entered a default PFA Order (the "PFA Order") against Plaintiff, who failed to appear at the hearing.  The PFA Order prohibited Plaintiff from being within 100 yards of Miller, Miller's work, home, and

---

[7] Compl. II, Ex. F.
[8] Pl.'s Court-Ordered Mot. for Court-Ordered Evaluation of Def. May, D.I. (010) 15, Ex. D.
[9] *Id.*
[10] Compl. II, Ex. B.

church; and threatening or harassing Miller and her family members, including May.[11] The PFA Order expired on March 25, 2023.[12]

On April 6, 2021, Plaintiff requested a review of the PFA Order, which was denied by Family Court on June 1, 2021.[13] On June 3, 2021, Plaintiff filed a police report with the Sommerville Police Department regarding purported harassment from May.[14] The police report narrative states that Plaintiff advised the officer that "May filed for another protection order against [Plaintiff] on behalf of her daughter, Jaleesa Miller[.]"[15] A few weeks later, on June 25, 2021, Plaintiff filed a Motion to Modify, Extend, or Vacate the PFA Order, which was denied.[16]

Later that year, on November 12, 2021, Plaintiff filed a PFA against Miller, which was denied by Family Court on December 1, 2021.[17] Plaintiff also filed two other PFA petitions against Miller in August 2025 and October 2025, both of which were also denied.[18]

---

[11] Def. May's Mot. to Dismiss, D.I. (010) 9, Ex. A ("MTD").
[12] *Id.*
[13] Compl. I Ex. A.
[14] MTD, Ex. I.
[15] *Id.*
[16] Compl. I, Ex. A.
[17] *Id.*
[18] In an Order dated December 10, 2025, Family Court denied the October 2025 PFA petition and found that Plaintiff could not proceed with claims against May because she was not a party to the action, and barred any claims against Miller that were adjudicated or could have been adjudicated in the PFA denied on December 1, 2021. Defs.' Mot. for Summ. J., Ex. A.

Between the instant litigation and the Family Court proceedings, May and Plaintiff were also involved in litigation in the Superior Court of New Jersey in 2023. The lawsuit arose from a complaint filed by Plaintiff's mother against May. May then filed a third-party complaint against Plaintiff, and Plaintiff filed a counterclaim against May, alleging that she was "entitled to file a lawsuit against . . . May for punitive damages, as the defamation attempt of murder was and is intentional and malicious."[19] All parties involved in the New Jersey litigation signed a stipulation of settlement to dismiss "[a]ll claims and counterclaims . . . with prejudice" on May 28, 2024.[20]

Across all of Plaintiff's pleadings and filings, Plaintiff continues to raise the same issues, including that: (1) May threw Plaintiff down the stairs to try to kill her in 1988; (2) Miller is abusing the PFA Order to infringe on Plaintiff's ability to attend church; (3) May illegally filed the PFA Order; (4) the PFA Order is defamatory; and (5) Miller lied to obtain the PFA Order.

On March 19, 2025, Plaintiff filed the instant Complaint in this Court against Miller (the "Miller Complaint"), alleging that Miller falsely filed the PFA Order entered on March 25, 2021.[21] The Miller Complaint asserts claims for defamation,

---

[19] MTD, Ex. D-1.
[20] *Id.* at Ex. D.
[21] *Id.* at 1.

slander, fraud, discrimination, and filing with malicious intent.[22] Miller answered the Miller Complaint on April 4, 2025, denying the allegations.[23]

On July 31, 2025, Plaintiff "stumbled across an email that show[ed] . . . [Miller's] mother, Felisia L. May[,] . . . illegally filed the . . . PFA Order[.]"[24] Based on this, Plaintiff filed a Motion for an Extension claiming that the email constitutes new evidence, and asked the Court to add May as a party.[25] Before the Court could respond, however, Plaintiff filed a separate Complaint against May on September 3, 2025 (the "May Complaint").[26] Similar to the Miller Complaint, the May Complaint alleges that May "illegally sen[t]/fil[ed] a false PFA Order on behalf of . . . Miller[,]" and asserts claims for defamation, slander, malicious filing of a PFA order, and fraud.[27]

On September 16, 2025, May filed a Motion to Dismiss the Complaint, arguing that the Complaint is barred by res judicata, barred by the statute of limitations, and fails to state a claim for relief.[28] Plaintiff responded in opposition and moved for a protective order on October 20, 2025.[29] In addition, Plaintiff filed a Motion to Vacate the PFA Order in Family Court on October 20, 2025, arguing

---

[22] *Id.*
[23] Def. Miller's Answ., D.I. (225) 4.
[24] Pl.'s Mot. for an Extension, New Evidence has Presented Itself, D.I. (225) 7.
[25] *Id.*
[26] *See generally* Compl. II;  Pl.'s Notice Withdrawing Mot. for an Extension, D.I. (225) 8.
[27] Compl. II at 1–2.
[28] *See generally* MTD.
[29] *See generally* Pl.'s Resp.

that Defendants infringed on her First Amendment rights to freedom of religion, and that Miller "made multiple false and defamatory statements before the Court regarding Plaintiff's mental state and spiritual identity."[30]

Over the next 11 days, the parties continued to file motions with the Court. Plaintiff filed a Motion for Indefinite Civil Protection, Motion for Court-Ordered Mental Health Evaluation of May, Motion to Stay the Proceedings Pending Family Court Matters, Motion to Enter Exhibits Under Seal, and Motion to Bar Defendants from Contacting or Discussing Civil Matters with Plaintiff's Father.[31] May also filed a Reply Brief and Motion for an Indefinite Civil Protective Order.[32]

Given that the filings raised similar questions of law and fact, and Plaintiff indicated in her Response to May's Motion to Dismiss that that she intended to join May as a party to the action against Miller, but filed a separate claim before the Court could address the request,[33] the Court held a hearing with all parties on November 4, 2025.

Upon further review of the record, the Court finds that in resolving the Motion to Dismiss, it is necessary to consider matters outside the pleadings.[34] Accordingly, on December 3, 2025, the Court notified all parties that it would treat the Motion to

---

[30] Pl.'s Mot. to Stay Proceedings Pending Family Court Matters, D.I. (010) 16, Ex. A.
[31] D.I. (010) 13, 15, 16, 17, 22.
[32] D.I. (010) 20, 21.
[33] Pl.'s Resp. ¶ 8.
[34] Super. Ct. Civ. R. 12(b)(6).

Dismiss as one for Summary Judgment.[35]  The Court gave the parties until January 2, 2026, to provide any other information regarding the issue of whether the PFA Order has already been litigated.  Defendants then filed a combined Motion for Summary Judgment on December 22, 2025, making the same arguments as the Motion to Dismiss.[36]  Plaintiff did not file any supplemental information or motions before January 2, 2026.

On April 7, 2026, Plaintiff filed a Motion to Compel, Response in Opposition to Defendants' Motion for Summary Judgment, a Supplemental Statement and Exhibit Report, and a Framing of Evidence and Clarification of Record.[37]  Plaintiff's filings add no new information and the Response to Defendants' Motion for Summary Judgment is untimely.  Nevertheless, the matter is now ripe for decision.

## STANDARD OF REVIEW

The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 falls on the moving party to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[38]  If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material

---

[35] *See supra* n.2.
[36] Defs.' Mot. for Summ. J., D.I. (010) 28.
[37] Pl.'s Mot. to Compel, D.I. (010) 17;  Pl.'s Opp. To Defs.' Mot. for Summ. J. D.I. (010) 18;  Pl.'s Supplemental Statement and Exhibit Support D.I. (010) 19;  Pl.'s Framing of Evidence and Clarification of Record, D.I. (010) 20.
[38] Super. Ct. Civ. R. 56(c).

fact."[39]  Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[40]  "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[41]

## DISCUSSION

As previously mentioned, the Court considers the matters of C.A. No. N25C-03-225 and C.A. No. N25C-09-010 consolidated under Superior Court Civil Rule 42(a) because the cases raise common questions of law and fact, and the Court finds it necessary to promote judicial efficiency and avoid unnecessary costs and delays.[42] Otherwise, the Court finds that dismissal is warranted here because Plaintiff's claims against Defendants are barred by the statute of limitations.  Moreover, Plaintiff's claims against Miller are also barred by res judicata.

### I.     The statute of limitations bars Plaintiff's claims against Defendants.

Under 10 *Del. C.* § 8119, there is "[n]o action for the recovery of damages upon a claim for alleged personal injuries . . . after the expiration of [two] years from

---

[39] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3–4 (Del. June 19, 1995) (TABLE);  *see also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[40] *Ebersole v. Lowengrub*, 180 A.2d 467, 469–70 (Del. 1962);  *see also CNH Indus. Am. LLC v. Am. Cas. Co. of Reading*, 2015 WL 3863225, at *1 (Del. Super. June 8, 2015).

[41] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975);  *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[42] For the reasons stated on the record, all motions filed were denied except the Motion to Dismiss.

the date upon which it is claimed that such alleged injuries were sustained[.]" Generally, "an 'injury' is 'sustained' when a wrongful act or omission occurs."[43]

Although Plaintiff attempts to assert that she filed the lawsuits in a "timely manner,"[44] it is undisputed that Family Court entered the PFA Order on March 25, 2021, but Plaintiff did not file the instant Complaints relating to said Order until March 2025 and September 2025—well over two years from the date the alleged injuries were sustained.

Further, as it pertains to Miller, even if Plaintiff did not know about the PFA Order when it was entered by default in March 2021, the Family Court docket (filed by Plaintiff) makes clear that Plaintiff requested a review of the PFA Order just nine days after it was entered. Thus, Plaintiff allegedly sustained injuries as to Miller as early as April 6, 2021. Consequently, the statute of limitations on Plaintiff's claims against Miller ran on April 6, 2023, at the latest.

To the extent Plaintiff seems to argue that the "time of discovery exception"[45] to the statute of limitations applies to the claims against May, such an argument is unpersuasive. Although she explains in the Motion for an Extension that she "stumbled" upon the email where May sent the PFA petition on behalf of Miller, the

---

[43] *Brown v. E.I. duPont de Nemours and Co., Inc.*, 820 A.2d 362, 366 (Del. 2003) (citing *McNutt v. Del. Racing Ass'n*, 294 A.2d 838, 839 (Del. 1972)).
[44] Pl.'s Resp. ¶¶ 8, 20.
[45] *See Brown*, 820 A.2d at 366 (citing *Layton v. Allen*, 246 A.2d 794 (Del. 1968)).

Court finds that there are numerous undisputed facts from the record indicating Plaintiff was aware in 2021 that May sent Miller's PFA petition via email.

The Delaware Supreme Court has applied the time for discovery exception "by interpreting [the limitations period] to run at the time the plaintiff is on notice that he or she has sustained a tortious injury"—i.e., when the plaintiff "should have discovered the injury."[46] The Supreme Court instructs that to apply this exception, "the court must conduct a fact-intensive inquiry to determine whether a plaintiff was blamelessly ignorant of a potential claim or dilatory in pursuing the action."[47]

The record here shows that Plaintiff was on actual notice that May sent Miller's PFA petition to Family Court before, or as soon as, June 3, 2021 based on the Sommerville Police Department report. The police report narrative indicates that Plaintiff advised the intake officer that May filed the PFA on behalf of Miller. Additionally, while Plaintiff's Motion for an Extension stated that she "stumbled" upon the email, that does not explain why it would be appropriate for the Court to find her blamelessly ignorant for not "stumbling" upon it sooner. On this record, there is no dispute of material fact that Plaintiff was dilatory in pursuing the action against May. Thus, the Complaints against Defendants are barred by the statute of limitations.

---

[46] *Id.* at 366 (citing *Layton*, 246 A.2d at 796).
[47] *Id.* at 368.

## II.    Res judicata bars Plaintiff's claims against Miller.

Although Defendants' Motion can be resolved on statute of limitations grounds, the Court also concludes that that the claims against Miller are barred by res judicata based on the litigation in Family Court concerning the PFA Order.  Under Delaware law, res judicata prohibits a later-filed claim where:

> (1) the original court had jurisdiction over the subject matter and the parties;  (2) the parties to the original action were the same as those parties, or in privity, in the case at bar;  (3) the original cause of action or the issues decided was the same as the case at bar;  (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar;  and (5) the decree in the prior action was a final decree.[48]

First, Family Court had subject matter jurisdiction over the PFA Order and over Miller.[49]  Second, Plaintiff and Miller were parties to the original action.  Third, Plaintiff's claims against Miller in this litigation stem from the "same transaction that formed the basis of the prior adjudication"—the entry of the PFA Order.[50] Plaintiff's claims stem from issues that could have been raised and decided in Family Court given the Review of the Commissioner's Order in April 2021, the Motions to Vacate in 2021 and 2025, and the PFA petitions filed against Miller in November 2021, August 2025, and October 2025.  Fourth, any issues raised by the PFA Order have been decided against Plaintiff.  Finally, the PFA Order "was a final judgment

---

[48] *RBC Cap. Mkts., LLC v. Educ. Loan Trust IV*, 87 A.3d 632, 643 (Del. 2014) (quoting *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 192 (Del. 2009)) (internal quotation marks omitted).
[49] 10 *Del. C.* § 1048;  10 *Del. C.* § 901(12).
[50] *RBC Cap. Mkts., LLC*, 87 A.3d at 645 (quoting 417 A.2d 378, 381 (Del. Ch. 1980)) (internal quotation marks omitted).

for res judicata purposes because the Family Court's initial determination that the alleged [abuse] . . . occurred was not subject to later modification."[51]  Accordingly, Plaintiff's claims against Miller are barred by res judicata.  Hence, the doctrine of res judicata bars any claims against Miller.

### III. Plaintiff is enjoined from filing future claims without leave of the Court.

If the Court "finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the [C]ourt may enjoin that litigant from filing future claims without leave of the Court."[52]  When the litigant is enjoined, that litigant must request to file a claim in addition to an accompanying affidavit certifying that:

> (1) The claims sought to be litigated have never been raised or disposed of before in any court;
> (2) The facts alleged are true and correct;
> (3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
> (4) The affiant has no reason to believe the claims are foreclosed by controlled law; and
> (5) The affiant understands that the affidavit is made under penalty of perjury.[53]

In the five years that Plaintiff has attempted to litigate the same issues time and again, Plaintiff has abused the judicial process.  Plaintiff has filed similar claims in two states and three different courts and recently attempted to litigate the same

---

[51] *Cassidy v. Cassidy*, 689 A.2d 1182, 1185 (Del. 1997) (internal citation omitted).
[52] 10 *Del. C.* § 8803(e).
[53] *Id.*

issues in Family Court and Superior Court at the same time.  The claims are legally and factually meritless, and the Court is not the appropriate forum to address Plaintiff's grievances as to this matter.  Consequently, the Court enjoins Plaintiff from filing a claim without leave of the Court in the future.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss, converted to summary judgment, is **GRANTED** and this action is dismissed with prejudice.  Any filings from the parties following the January 2, 2026 deadline to submit additional information are now **MOOT**.

**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.